ST. PAUL TRUST COMPANY, Executor, *vs.* WILLIAM C. SARGENT.

## November 11, 1890.

Limitations—Actions by Executors.—Sections 18, 19, c. 66, Gen. St. 1878, may be construed together, and effect given to both sections.

Action brought in the district court for Ramsey county, by plaintiff as executor of the will of Norman W. Kittson, deceased, to recover $7,348 and interest, upon promissory notes made by the defendant and held by their testator at the time of his death. Defence, the statute of limitations and that the testator, in his lifetime, had made a gift to defendant of all his cause and right of action by reason of the notes. A jury was waived and the action tried by

*Otis,* J., who ordered judgment for plaintiff.    The defendant appeals from an order refusing a new trial.

*Williams, Goodenow & Stanton,* for appellant.

*Harvey Officer,* for respondent.

VANDERBURGH, J.   1. The causes of action set forth in the complaint would have been barred by the statute of limitations on the 29th day of November, 1888, and the 2d day of June, 1888, respectively, if the plaintiff's testator, Kittson, had not previously died. He died May 10, 1888.   The plaintiff was appointed executor June 25, 1888; and this action was commenced April 15, 1889.   Defendant's contention is that by virtue of Gen. St. 1878, c. 66, § 19, the statute of limitations had run before this action was brought.   By section 18 an action may be brought by personal representatives of a creditor within one year from his death, where the cause of action survives, and the statute had not run before his death.   Section 19 was added in the Revision of 1866.   The two sections must be construed, if practicable, so as to give effect to both; and we think this may be done.   The latter section provides for the contingency of delay in the appointment of administrators or executors, so that, if more than six months intervene between the death of a creditor and the granting of letters, the executor or administrator may have at least six months thereafter in which to bring an action, though in the mean time the year allowed in the previous section had expired. But if, as in this case, the letters are issued within six months of the death of the decedent, the executor would be entitled to the year provided for in the preceding section in which to bring such an action.   We think that the sections are not necessarily inconsistent, but, as was held by the trial court, they may stand together.   The action was therefore seasonably brought.

2. We are of the opinion also that it does not indisputably appear from the evidence that the indebtedness sued on was cancelled or forgiven by the deceased in his lifetime, or that there was an executed gift to the defendant of the notes evidencing the same by him.   The finding of the trial court on that issue cannot be disturbed on this appeal.

Order affirmed.