JANE E. WOOD v. MARY M. BRAGG and Another.

February 2, 1899.

Nos. 11,468—(258).

#### Guaranty of Promissory Note—Owner—Action Maintainable.

Held, upon the facts stated in the opinion, that the plaintiff is the owner, and entitled to maintain this action upon the defendant's contract of guaranty of the payment, of a certain promissory note.

Statute of Limitations Suspended—Appointment of Executor or Adminis-
trator—G. S. 1894, §§ 5148, 5149.

> G. S. 1894, §§ 5148, 5149, construed, and *held*, that the latter section
> prescribes the general rule that for six months after the appointment of
> an executor or administrator, plus the time elapsing between the death of
> the person entitled to bring an action and such appointment, not exceed-
> ing six months, the running of the statute of limitations is suspended,
> and that the former section applies only to special cases, where the per-
> son entitled to bring the action dies within the last year of the term of
> limitation.

Action in the district court for Ramsey county by the executrix
of the last will of Enos Wood, deceased, upon a promissory note,
the payment of which was guarantied by defendants. The cause
was tried before O. B. Lewis, J., who found in favor of plaintiff.
From an order denying a motion for a new trial, defendants ap-
pealed. Affirmed.

*Walter L. Chapin,* for appellants.

G. S. 1894, § 5148, applies to causes of action accruing during
the life of decedent; and section 5149 applies only to causes of
action accruing after the death of decedent. Section 5149 does not
suspend the running of the general statute of limitation so as to
extend the time. This section was originally part of another chap-
ter, and its history shows that it was not intended to affect the
limitations prescribed in chapter 66. The contract of guaranty
never passed to Enos Wood or to plaintiff. The note was merged
in the judgment, and its negotiability destroyed. 2 Daniel, Neg.
Inst. § 1284; Harlev v. Davis, 16 Minn. 441 (487). A judgment,
being matter of judicial record, can only be transferred by assign-
ment. This court has gone no farther than to hold that the guar-
anty passes with the transfer of a negotiable instrument for which
it is security. Phelps v. Sargent, 69 Minn. 118; Harbord v. Cooper,
43 Minn. 466. The note was nonnegotiable because merged, and
the mortgage under Minnesota decisions was always so. Watkins
v. Goessler, 65 Minn. 118. An assignment of the judgment would
carry the mortgage security because the latter is incidental to the
debt. Hill v. Edwards, 11 Minn. 5 (22); Humphrey v. Buisson, 19
Minn. 183 (221). But the converse of this is not true. The guar-

anties cannot be transferred without the principal debt, for they are collateral to and limited by it and its ownership. Notwithstanding the purchase of the notes with money of Enos Wood, Grace R. Knowles had the title, and was authorized to sue and did sue Boardman on the note. G. S. 1894, §. 5158; St. Anthony Mill Co. v. Vandall, 1 Minn. 195 (246); Minnesota Thresher Mnfg. Co. v. Heipler, 49 Minn. 395. The maker could not be sued twice. The suit by the legal holder in 1892 fixed the ownership of the note in Grace R. Knowles, and precluded a suit by Enos Wood. The guaranties then remained with the note, and the latter with the judgment—in Grace R. Knowles.

*M. P. Brewer*, for respondent.

START, C. J.

May 19, 1888, W. B. Boardman duly made his promissory note for $1,200 to the defendant Mary M. Bragg, payable, with interest, on or before three years from that date, and secured its payment by a real-estate mortgage duly executed to her. One-half of the principal of the note, and interest thereon to November 19, 1889, were paid October 2, 1890; and on that day the payee, Mary M. Bragg, for a valuable consideration to her paid by Enos Wood, sold, assigned and delivered the note and mortgage to Grace R. Knowles; and upon the same consideration, and as a part of the same transaction, Mary M. Bragg and her co-defendant Wallace F. Bragg each duly executed a written guaranty of the payment of the note upon the back thereof, which was delivered with the note and mortgage. Grace R. Knowles, in her own name, duly recovered judgment against the maker of the note, in the district court of the county of Hennepin, on April 12, 1892. She paid no part of the consideration for the note and mortgage, and had no beneficial interest therein, but held the same solely as the trustee of Enos Wood until March 5, 1895, when she executed to him an assignment of the note and mortgage and all of her rights therein. He died, testate, April 19, 1896; and on May 26, 1896, the plaintiff was duly appointed executrix of his will, and brought this action upon the guaranty, November 23, 1897. Thereafter, and before the trial of

the action, Grace R. Knowles duly assigned the judgment to the plaintiff.

The foregoing are the material facts found by the trial court. As a conclusion of law, the trial court upon the foregoing facts ordered judgment in favor of the plaintiff, and against the defendants, for $600, and interest, upon delivery to the clerk of the court of due assignments to the defendants of the note, mortgage and judgment. The defendants appealed from an order denying their motion for a new trial.

There is no settled case or bill of exceptions in the record, and the question here is whether the findings of fact justify the conclusion of law of the trial court. The appellants' contention is that the trial court's conclusion is erroneous, for two reasons: First, the contract of guaranty never passed to Enos Wood or the plaintiff; second, the statute of limitations had run before this action was brought.

1. The contract of guaranty in this case was not limited to any particular person. It was a general guaranty of the payment of the note; that is, of the debt of which the note was the evidence. Grace R. Knowles held the naked legal title to the debt and securities, including the contract of guaranty, in trust for Wood, who was at all times the actual and beneficial owner thereof, and entitled, by virtue of the statute, to bring an action thereon in his own name, as the real party in interest. He was also the actual owner of the judgment recovered against the maker of the note in the name of Grace R. Knowles. The promise of the maker of the note was merged in the judgment, which was only another form of the original debt, but this did not affect the contract of guaranty, or the makers thereof. The legal title to the debt guarantied, and with it the contract of guaranty, passed to Wood by the assignment of the note and mortgage; for there could be no effectual assignment of the mortgage that did not pass the debt it was given to secure. So, the finding of the trial court that the mortgage and note were assigned to Wood, with all the rights of the assignor therein, necessarily includes an assignment of the debt, which carried with it the contract of guaranty. Foster v. Johnson, 39 Minn. 378, 40 N. W. 255; Craig v. Parkis, 40 N. Y. 181; Peters v. James-

town, 5 Cal. 334. It follows that both the legal and beneficial ownership of the contract of guaranty was in Wood at the date of his death, and that the plaintiff is entitled to maintain this action.

2. Whether this action is barred by the statute of limitations depends upon the construction to be given to G. S. 1894, §§ 5148, 5149. The first section, so far as here material, is in these words:

"If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his personal representatives after the expiration of that time and within one year from his death."

The second one is as follows:

"The time which elapses between the death of a person and the granting of letters testamentary and of administration on his estate, not exceeding six months, and the period of six months after the granting of such letters, are not to be deemed any part of the time limited for the commencement of actions by executors or administrators."

The original of section 5148 is R. S. 1851, c. 70, § 18, and the original of section 5149 is R. S. 1851, c. 78, § 6. The contrary was inadvertently assumed in the case of St. Paul Trust Co. v. Sargent, 44 Minn. 449, 47 N. W. 51. They were brought together in the revision of 1866, as sections 18 and 19 of chapter 66. The order in which they were arranged was not logical, for section 19 states a general rule, and section 18 is practically a proviso thereto, making provision for special cases. When the sections are so read, and in their logical order, their meaning is clear, and there is no inconsistency in their provisions. Section 19 means just what it says, and declares the general rule to be that for six months after the appointment of an executor or administrator, plus the time elapsing between the death of the person entitled to bring an action and such appointment, not exceeding six months, the running of the statute of limitations is suspended. This general rule was enacted in view of the fact that the death of the party entitled to bring the action left no one to prosecute it, and that, after the appointment of an executor or administrator, some time must necessarily elapse to enable him to ascertain the condition of the estate, and

institute the action; hence the statute treats death as a disability, which arrests the running of the statute for the time stated therein.

This general rule, however, if applied to cases where the party entitled to bring the action died within the last year of the term of limitation, would leave less than a year after his death for the appointment of a personal representative and the bringing of the action; for example, if the delay in the appointment was one month, the action would have to be instituted within seven months after the death of the party. But it is evident from a reading of the sections in question that it was the judgment of the legislature that at least one year after the death of the party ought to be allowed for the appointment of a personal representative and the commencement of an action; hence section 18 was enacted, to provide for special cases, where the death of the party might occur in the last year of the term of limitation. This section 18 applies to, and only to, those cases where the person entitled to bring the action dies within the last year of the term of limitation. Curran v. Witter, 68 Wis. 16, 31 N. W. 705. This case falls within the general rule prescribed by section 19. Therefore the statute had not run when this action was commenced, November 23, 1897. It would have been barred May 22, 1897, except for the death of plaintiff's testator, which suspended the running of the statute for seven months and seven days.

The appellant further urges that this action was barred as to the trustee; hence it was, as to the plaintiff, within the rule that an action by a cestui que trust is barred when the trustee is barred. But the action was not barred as to the trustee in this case when the legal title vested in the plaintiff's testator. ·

Order affirmed.