# CATHERINE CASEY v. AMERICAN BRIDGE COMPANY.[1]

January 19, 1912.

Nos. 17,248—(118).

**Limitation of action under foreign code — demurrer — action not barred.**
  The plaintiff's intestate was killed in Oklahoma by the alleged negligence of the defendant, who then was and ever since has been absent from that state. Section 413 of the Oklahoma Code gives in such cases a cause of action for the benefit of the widow and children of the deceased, which must be commenced within two years; but section 21 of the same act provides that if, when a cause of action accrues against a person, he be out of the state, the period limited for its commencement shall not begin to run until he comes into the state. This action for the death of the plaintiff's husband was brought in this state, where the defendant was found, more than two years after the husband's death. *Held*, that the condition or limitation in section 413 is qualified by the tolling provision of section 21, that the action is not barred in Oklahoma, and may be maintained in this state.

Action in the district court for Hennepin county by the administratrix of the estate of William Casey, deceased, to recover $10,000 for the death of her intestate. From an order, Steele, J., overruling defendant's demurrer to the amended complaint, it appealed. Affirmed.

[1] Reported in 134 N. W. 111.

[Note]  Applicability to nonresidents of provision suspending limitations against defendant who is out of state, until his "return," see note in 25 L.R.A. (N.S.) 24.

Applicability of provision that time during which defendant is a nonresident shall not be computed, to defendant who was a nonresident when cause of action accrued, see note in 34 L.R.A. (N.S.) 436.

*Frank B. Kellogg, C. A. Severance, Robert E. Olds,* and *W. C. Michaels,* for appellant.

*Edmund H. McVey, C. M. Bracelen,* and *Samuel R. Freet,* for respondent.

START, C. J.

Appeal by the defendant from an order of the district court of the county of Hennepin overruling its general demurrer to the complaint. The question presented by the record is whether it conclusively appears upon the face of the complaint that the action is barred by the statute of limitations.

The action was commenced January 12, 1911. The here material allegations of the complaint are to the effect following:

The defendant is a corporation organized under the laws of New Jersey. The plaintiff's intestate, on March 17, 1901, was killed as a result of the negligence of the defendant in the construction of a bridge upon a public highway across a creek in the county of Kingfisher in the state of Oklahoma. See O'Brien v. American Bridge Co. 110 Minn. 364, 125 N. W. 1012, 32 L.R.A.(N.S.) 980, 136 Am. St. 503. The plaintiff is the widow of the deceased, and was duly appointed administratrix of his estate by the proper court of Oklahoma. The defendant, when the action accrued, was absent from Oklahoma, and ever since has been; but when the action accrued, and ever since, the summons could have been served on the defendant in Minnesota. The code of civil procedure of Oklahoma[1] which was in force on March 17, 1901, and ever since has been, provides, with other matters, as follows (pp. 972, 974, 1064):

"Sec. 15. Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but, where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

"Sec. 21. If, when a cause of action accrues against a person, he be out of the territory or has absconded or concealed himself, the period limited for the commencement of the action shall not

[1] 2 St. 1903, p. 970, c. 66.  [Reporter]

begin to run until he comes into the territory, or while he is so absconded or concealed; and if, after the cause of action accrues, he depart from the territory, or abscond, or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought."

"Sec. 413. When the death of one is caused by the wrongful act or omission of· another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages cannot exceed ten thousand dollars, and must inure to the exclusive benefit of the widow and children, if any, or next of kin, to be distributed.in the same manner as personal property of the deceased."

Whether the complaint shows on its face that the cause of action is barred by the statute of limitations depends on the construction to be given the foregoing sections of the Oklahoma Code, which are set out in the complaint.

The plaintiff claims that sections 21 and 413 are parts of the same act and must be construed together, and that section 21 qualifies the condition or limitation of two years contained in section 413, and therefore this action is not barred, for the reason that the defendant has been absent from the state of Oklahoma ever since the cause of action accrued. On the other hand, the defendant claims that the two sections are distinct in their purpose and effect, independent of each other, and it must be held that this action is barred.

So far as we are advised the courts of Oklahoma have not construed these sections as to their relation to each other, and we must determine the question in accordance with the settled rules for construing statutes.

It appears from the record herein that sections 21 and 413 are parts of one and the same act, the code of civil procedure, enacted at the same time, and that neither section was the law before the other one was. Section 21 is general in its terms, and declares that, when a cause of action accrues against a person who is out of the territory (now state), the limitation shall not begin to run until

he comes into the territory. When this qualification of the limitation or condition upon bringing a cause of action was enacted, a right of action was given by the same act for the death of a person by the wrongful act or neglect of another. No cause of action is excepted from this just provision of the section, which was obviously intended to give every person having any cause of action a fair opportunity to enforce it before the doors of the court should be closed against him. Why, then, should an exception be read into section 21 by construction, excluding a cause of action for the death of a husband and father, caused by the wrongful act or neglect of another?

Counsel for defendant urge a number of alleged reasons why the tolling provision of section 21 should not apply to the cause of action given by section 413. The first one to be considered is to the effect that such cause of action manifestly belongs to the class of special cases mentioned in section 15, which provides that civil actions can only be commenced within the periods therein prescribed, but where in special cases a different limitation is prescribed by statute the action shall be governed by such statute. The meaning of this provision is entirely clear. It has no reference to section 21, but it refers to the limitation provided in special cases by other statutes, and declares that the limitation therein provided shall control.

The further contentions of the defendant are embraced in the general proposition that the requirement of section 413 that the action given thereby must be commenced within two years is a condition precedent upon the right, which is unqualified by the provisions of section 21. This proposition is ably and at great length urged in the brief of counsel, and authorities are cited in support of the correctness of the premises of the proposition. It is true that where a right of action is given by statute, which did not exist at common law, and the statute giving the right of action also fixes the time within which it may be enforced, such time limit is a condition or limitation upon the right, which will control, no matter in what form the action is brought. Negaubauer v. Great Northern Ry. Co. 92 Minn. 184, 99 N. W. 620, 104 Am. St. 674.

The conclusion, however, that the condition is not qualified by the provisions of section 21, does not logically or otherwise follow from the premises, for the conclusion assumes the very question to be decided; that is, whether section 21 qualifies the time limit or condition of section 413.

In considering this question it is important to keep in mind that the sections are parts of the same act and that the condition or limitation in section 15 and in section 413 are substantially alike. Section 15 provides that civil actions can only be commenced within the periods prescribed, that is, they must be commenced within the time limited; while section 413 provides that the action, therein given, must be commenced within two years, that is, it can only be commenced within the limitation prescribed. There is, then, nothing in the language of the respective sections indicating any reason why the tolling provision of section 21 should not apply to section 413. Why, then, should an exception be added, by construction, to section 21, so as to exclude from its express provision the cause of action given by section 413? Why should not the widow have the same fair opportunity to bring her action, for damages sustained by the death of her husband by the wrongful act or neglect of another, after the defendant comes into the state, as she would have if her cause of action were for the loss of a mule killed by the wrongful act or neglect of another?

The fact that the action for the death of her husband is a statutory one, and the action for loss of the mule is a common-law one, does not answer the question, for it relates, not to the creation of the cause of action, but to the construction of the tolling provision of section 21; that is, does it include an action for a death loss given by section 413?

The case of Rugland v. Anderson, 30 Minn. 386, 15 N. W. 676, is cited by defendant in support of its contention that the condition as to the bringing of the action given by section 413 is absolute, and in no manner qualified by section 21. The case cited cannot be regarded as controlling, for the reason that the statute giving the cause of action and the tolling statute relied on were not parts of the same chapter, and the question whether they were in pari ma-

teria was not discussed or decided in the opinion of the case cited, which was based upon the conclusion that the statute giving the cause of action made no exception to the limitation. This was necessarily a correct conclusion, if such statute was to be read and construed without reference to any other statute.

The cases of Maylone v. City of St. Paul, 40 Minn. 406, 42 N. W. 88; Orth v. Village of Belgrade, 87 Minn. 237, 91 N. W. 843, and Senecal v. City of West St. Paul, 111 Minn. 253, 126 N. W. 826, are also cited by the defendant. They are not here in point. The first one held that a special law limiting the time for commencing an ordinary personal injury action against the city was not applicable to an action by the personal representatives of a deceased person for negligence causing his death. This decision was followed in the second and third case cited.

A careful consideration of the several sections of the code of civil procedure of Oklahoma, set out in the complaint, and the briefs of respective counsel, including the adjudged cases therein cited, has led us to the conclusion that sections 21 and 413 thereof are parts of the same act, are in pari materia, and that each must be construed with reference to the other. So construing them, we hold that the general term, "a cause of action," used in section 21 includes a cause of action given by section 413 for death by wrongful act or neglect; therefore the provision of the latter section, that the action must be commenced within two years, is qualified by the tolling provision of section 21, precisely as if both were found in the same section. Negaubauer v. Great Northern Ry. Co. supra.

It follows, by reason of the fact that the defendant has been continuously absent from Oklahoma since the alleged cause of action accrued, that the action can be maintained in that state, although more than two years have elapsed since the action accrued.

The last contention of defendant is that, even if the action is not barred in Oklahoma, nevertheless it is barred in this state, because the defendant has been from a date prior to the accrual of the cause of action subject to suit thereon and service of summons in this state. The contention is without merit. The cause of action was given, and the time within which it must be brought fixed, by the

statute of Oklahoma; hence the questions whether the plaintiff ever had a cause of action, and whether it is now barred, depend upon the statute of that state, which alone must control. Negaubauer v. Great Northern Ry. Co. supra.

We hold that the complaint states a cause of action.

Order affirmed.