# STATE ex rel. GREAT NORTHERN RAILWAY COMPANY v. MUNICIPAL COURT OF CITY OF DULUTH and Others.[1]

January 22, 1915.

Nos. 18,940—(170).

**Action against railway company — change of venue.**

　　Actions in municipal courts are within the purview of G. S. 1913, § 7721, defining the county residence of railroad companies for the purpose of actions against them; and where the venue in such an action is properly laid thereunder the defendant has no right under section 272 to change it to another municipal court in the same county, though the latter is nearer its principal general office in the state and its principal place of business in the county.

Upon the relation of the Great Northern Railway Company the district court for St. Louis county granted an alternative writ of *mandamus* directing the municipal court of the city of Duluth and the judges of that court to proceed with the trial of the action mentioned in the opinion.   From an order sustaining the demurrer of respondents to the petition and alternative writ, Fesler, J., relator appealed.   Affirmed.

　　*Baldwin, Baldwin & Holmes,* for appellant.
　　*A. E. McManus* and *Victor L. Power,* for respondents.

PHILIP E. BROWN, J.

Duluth and Hibbing, in St. Louis county, have municipal courts organized respectively under special and general laws, both having jurisdiction throughout the county to determine actions for injuries to personal property where the damages claimed do not exceed $500. In November, 1913, one Juntonen commenced an action in the Hibbing municipal court against relator, a domestic corporation, upon a transitory cause of action arising in the county within the jurisdiction of both courts mentioned.  In due time relator filed an affidavit

[1] Reported in 150 N. W. 924.
　　128 M.—15.

and demanded, under G. S. 1913, § 272, a change of venue to the Duluth municipal court. Later, after the clerk of the Hibbing court had, in compliance with defendant's demand, transmitted the files to the Duluth court and issue had been joined therein, the latter, on plaintiff's demand, defendant objecting, ordered the cause remanded to the former court; whereupon defendant sued an alternative writ of *mandamus* out of the district court, to compel the Duluth court to vacate its order of remand and retain jurisdiction of the action, alleging, among other things, the foregoing as the basis of the writ. A general demurrer to the petition and writ was sustained, and relator appealed.

Respondents concede *mandamus* to be the appropriate remedy if the action was improperly remanded, and we will so assume, and also that the application to change the venue was in due form, and that by the petition and writ it conclusively appeared on the motion to remand that relator's principal and general office and principal place of business was, as stated in its articles of incorporation and in fact, in St. Paul, which is nearer Duluth than Hibbing, and, while relator's line traverses Hibbing, where it maintains an office and agent, its principal office and place of business in St. Louis county is in Duluth, from which it exercised direct and immediate supervision over all its business and affairs transacted in the county.

The sole question for determination, then, is: Had defendant railroad company the legal right to change the venue of the action from the municipal court in which it was originally laid to the other in the same county? Relator contends it had, both under G. S. 1913, § 272 (Laws 1913, p. 114, c. 104, § 138, approved March 25, 1913), and on common law principles. This section reads in part:

"Where, in any county of this state, there are two or more municipal courts having jurisdictions throughout said county, whether they be created or established under chapter five (5), Revised Laws of Minnesota for 1905, or by any other general or special law, the defendant in any civil action begun in any one of said courts may have a change of venue therefrom to the municipal court in said county nearest his place of residence, by" conforming to certain prescribed practice.

The latter claim may be disposed of shortly. The whole question of jurisdiction and venue as to corporations is embraced in the proposition that as corporations are creatures of statutes they may be sued in such place and in such manner as the legislature creating them may designate or determine. 3 Thompson, Corp. § 3015.

Coming then to the contention based on the statute, it must be remembered that one of the prime purposes entering into the creation of municipal courts is to enable suitors to litigate expeditiously comparatively small claims at no great distance from their residences, which, so far as concerns plaintiffs, will often be defeated if relator's contention is sustained. For example, in the present case the courts in question are more than 80 miles apart. Moreover, the business of these courts will centralize, under the theory offered by relator, in some one of them, to the exclusion of the others, so far as concerns litigation against railroads, thus imposing upon the municipality in which it happens to be located unequable expenses. These considerations, of course, are not controlling. Yet they cannot be ignored in determining the legislative intent. For many years our statutes (G. S. 1894, § 5185, R. L. 1905, § 4095) fixed the residence of a public service corporation in any county wherein it has an office, agent or place of business. These sections were amended by Laws 1913, p. 799, c. 552, approved April 26, 1913 (G. S. 1913, § 7721), providing that railroad companies "shall be considered as residing in any county wherein the cause of action shall arise and wherein any part of its lines of railway * * * shall extend, without regard to whether said corporation or company has an office, agent or business place in said county, or not." Actions in municipal courts are within the purview of this statute, which is *in pari materia* with section 272, so that the two must be construed together. In Schoch v. Winona & St. Peter R. Co. 55 Minn. 479, 57 N. W. 208, the former was held applicable to actions in justice court, and in Taylor v. Grand Lodge A. O. U. W. of Minnesota, 98 Minn. 36, 107 N. W. 545, it was held to fix corporate residence. Relator insists that if section 7721 is relevant, then so also is G. S. 1913, § 183. This claim, however, cannot be sustained; for obviously the latter relates only to district courts.

We hold that relator is not within section 272, and that the case was properly remanded.

Order affirmed.