ENOCH CARLSON v. TOWNSHIP OF ELMO.[1]

December 20, 1918.

No. 20,994.

**Vacation of cartway — authority of town board — construction of statute.**

1. The several pertinent provisions of chapter 235, Laws 1913, construed and *held* to confer upon the town board of supervisors authority to vacate cartways, theretofore laid out and maintained by the town, whenever justified by public interests.

**Same — town road includes cartway.**

2. Cartways are included within "town roads," as declared by subdivision 3 of section 1 of the statute referred to, and the authority to vacate the same is found in the general authority granted by that statute to town boards to lay out, vacate or discontinue town roads.

**Same — evidence sufficient.**

3. The evidence justifies the vacation of the cartway involved in this case.

**Expenditure of road funds — statute mandatory.**

4. Section 55, chapter 116, Laws 1915, providing trat the town board of supervisors *may* expend road and bridge funds in the care and improvement of cartways is not merely permissive, but must be construed as imposing a duty in that respect to the extent the public interests may require.

Enoch Carlson appealed to the district court for Otter Tail county from an order of the town board of the township of Elmo vacating a certain cartway. The appeal was heard before Parsons, J., who at the close of the testimony denied appellant's motion to instruct the jury to reverse the action of the board of supervisors vacating the cartway, and a jury which sustained the order of the supervisors. From an order denying his

[1] Reported in 169 N. W. 805.

motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*N. F. Field,* for appellant.

*Anton Thompson,* for respondent.

BROWN, C. J.

In July, 1896, plaintiff, Enoch Carlson, was and still is the owner of a farm situated in the town of Elmo, in Otter Tail county. There was no public highway leading to or from the farm, and plaintiff's means of access to the market town of the neighborhood was over the land of adjoining owners. On July 7, of the year stated, the town board of supervisors, on a proper petition therefor, duly laid out a cartway over the land of one Iverson from a duly laid out public highway to the land of plaintiff; thus affording plaintiff a way over which he could travel without trespassing upon the land of others, and giving him direct connection with what is designated in the record as the "Parker's Prairie Road." The cartway thereafter remained open and in use until vacated in the proceeding here under review. Some time in the year 1916, in proceedings duly had for the purpose, the town board laid out another cartway 80 rods to the east and running parallel with the old way for the benefit of one Olson, whose situation was similar to that of Carlson and who desired direct connection with the "Parker's Prairie Road." The new way extended along the east boundary of plaintiff's farm and afforded both him and Olson an outlet to the public road mentioned. Thereafter in October, 1916, on petition and after due hearing, the town board made an order vacating the first cartway, theretofore laid out for the benefit of plaintiff, on the ground, as we understand the matter, there was no occasion for the existence of both, when that laid out at the instance of Olson equally served the interests of all concerned. Plaintiff appealed from that order to the district court where there was a verdict affirming the order of vacation, and assessing plaintiff's damages at the sum of $50. Plaintiff then moved for judgment notwithstanding the verdict or a new trial and appealed from an order denying the same.

It is contended in support of the appeal: (1) That the town board of supervisors is without authority under our statutes to vacate a cartway;

141 M.—16.

and (2) if the board has such authority, that the evidence is wholly insufficient to justify the vacation of the one in question.

1.    The first contention stated presents the principal question in the case.    Counsel for appellant has prepared an exhaustive brief thereon, reviewing the history of highway legislation in this state from territorial days to the present time, and pointing out what appears to be a fact, that no statute has ever been enacted expressly granting to the town board of supervisors authority to vacate cartways.    The general authority to vacate town roads has been granted to that board and it has possessed the same from an early day in the state's history.    Section 33, c. 13, G. S. 1866.    But the word "cartway" does not appear in any of the statutes so granting that authority.    And from this counsel draws the conclusion that the legislature never intended the town board to have authority to discontinue cartways when once established; that none having been granted expressly none can exist by implication.    The correctness of that view of the statute may well be doubted.    The cartway when laid out by public authority is a public way, open to the free use of the public, though laid out and opened primarily for the benefit of a particular person.    Section 47, c. 13, G. S. 1878; Mueller v. Supervisors of Town of Courtland, 117 Minn. 290, 135 N. W. 996; Boyden v. Aschenbach, 79 N. C. 484 (539) ; Cook v. Vickers, 141 N. C. 101, 53 S. E. 740.    And our statutes granting to town boards the right to vacate town roads might without violence be construed to include the cartway, for that sort of a way belongs and is a member of the class with reference to which the statute expressly grants the authority to discontinue or vacate.

But it is unnecessary to so construe the statutes, for in our opinion the whole question is settled and put to rest by chapter 235, p. 290, Laws 1913.    That was a general and comprehensive revision of our highway statutes, and the vacation proceedings here in question are controlled by its provisions.    The public highways of the state are there classified as state roads, county roads and town roads, and, by subdivision 3 of section 1, it is declared that the latter, or town roads, shall be construed to include roads and cartways established, constructed and improved by the several town boards of the state.    By section 38 all town roads are given into the care and supervision of the town boards, and

by section 39 such boards are required annually to report to the town meeting "a statement of the improvements needed on roads, cartways and bridges for the ensuing year, with an estimate of their probable expense." Section 43 provides for and grants authority to the town board to alter or vacate a town road or establish a new one on a proper petition by the designated number of voters of the town. The statute does not mention cartways in the authority to vacate thus granted, and the question is whether they are included therein by force of subdivision 3 of section 1, above referred to. We think clearly the question should be answered in the affirmative. Subdivision 3 expressly declares that the town road shall include cartways which are laid out and improved by the town authorities. This cartway was so laid out and it is the duty of the town under chapter 116, § 55, p. 158, Laws 1915, to keep and maintain the same in suitable condition for public use. While that statute declares that the town board may expend road and bridge funds in the care of cartways, the use of the word "may" is not to be construed as making such expenditure merely permissive or wholly discretionary with the board; on the contrary, the statute should be construed as imposing a duty upon the board to the extent the public interest may require. Henkel v. Pioneer Sav. & L. Co. 61 Minn. 35, 63 N. W. 243; 3 Dunnell, Minn. Dig. § 8979. So that we have the legislative declaration that the cartway duly established and maintained by public authority shall be treated and considered as a town road, and the further express recognition by section 51 of the authority of the town board to vacate a cartway, by the grant of the right of appeal from an order refusing to do so. From this we have no difficulty in holding that the authority to vacate cartways is vested in the town boards by section 43, supra. No reasons occur to us why the right to vacate such ways should be withheld, and every reason suggests the propriety of conferring the power on the local board.

2. The second question does not require discussion. The evidence is sufficient to justify the vacation of the Carlson cartway. Both Carlson and Olson require a way to market without trespassing upon the lands of their neighbors. One cartway will serve both, and there is no

sound reason why Carlson should be permitted to insist that he should have one for his sole and exclusive use.

Order affirmed.