## LUCILLE BURKE v. M. L. MARYLAND.[1]

### July 15, 1921.

### No. 22,374.

**Limitation of action for malpractice.**

  The complaint states a cause of action for malpractice. Such actions are not barred by the two-year statute of limitations which applies to actions for an assault, although some of the acts alleged may constitute an assault in law.

Action in the district court for Rice county to recover $50,000 for malpractice. Defendant's demurrer to the complaint was overruled, Childress, J. From the order overruling the demurrer, defendant appealed. Affirmed.

*John W. LeCrone* and *C. D. O'Brien,* for appellant.
*Orr, Stark & Kidder,* for respondent.

TAYLOR, C.

Plaintiff brought this action to recover damages from defendant, a physician and surgeon, for alleged malpractice in the performance of a surgical operation upon her and in treating her for her ailments. Defendant demurred to the complaint on the ground that the cause, or causes, of action set forth therein accrued more than two years before the beginning of the action and are barred by the statute of limitations. The demurrer was overruled and defendant appealed.

Defendant construes the complaint as stating two causes of action— the first for an assault, and the second also for an assault, if it states

[1]Reported in 184 N. W. 32.
149 M.—31.

a cause of action at all—and insists that both are barred by the statute of limitations which bars actions for assault, unless brought within two years after the right of action accrued.

We are unable to sustain defendant's contention. Fairly construed, we think the complaint states only one cause of action—a cause of action for alleged malpractice. It sets forth the facts in much detail, covering eight printed pages, and while some of the acts alleged would doubtless constitute an assault in law, they are not set forth as independent causes of action, but as being the acts wherein and whereby defendant is alleged to have violated his duty to his patient.

The action as brought rests on the contract of employment. Whittaker v. Collins, 34 Minn. 229, 25 N. W. 632, 57 Am. Rep. 55. And the six-year, not the two-year, limitation is the one which applies. Finch v. Bursheim, 122 Minn. 152, 142 N. W. 143.

The order appealed from is affirmed.