## LUCILLE BURKE v. M. L. MARYLAND.[1]

October 12, 1923.

No. 23,429.

**New trial denied.**

In action for malpractice, exclusion of evidence of illicit relations between plaintiff and defendant several months after the alleged malpractice is not ground for new trial. [Reporter]

After the former appeal reported in 149 Minn. 481, 184 N. W. 32, the case was tried before Childress, J., and a jury which returned a verdict in favor of defendant. From an order denying her motion for a new trial, plaintiff appealed. Affirmed.

*John A. Burns* and *Walter T. Ryan,* for appellant.

*C. D. & R. D. O'Brien, Charles L. Hayes* and *John W. LeCrone,* for respondent.

PER CURIAM.

Plaintiff is past 26 years of age, unmarried, and resides in the city of St. Paul. The defendant is past 60, resides at Faribault, 60 miles south of St. Paul, where he practices as a physician and surgeon. He had been the family physician for plaintiff's family for a considerable time. The plaintiff became afflicted with an ordinary goiter and employed defendant to treat her. On January 24, 1917, he removed the goiter. It is alleged that, in removing the same, he unnecessarily and carelessly injured and removed the parathyroid glands; that said glands were in no way connected with or incident to the removal of the goiter; that, as a result of the injury to and removal of the glands, plaintiff became afflicted with sudden attacks of fits and convulsions which have become permanent and which cause her to be extremely nervous and sick of body and mind. This action was brought upon the contract of employment to recover damages for a breach thereof, occasioned by such alleged malpractice. There was a verdict in favor of the defendant. From an order denying her motion for a new trial, plaintiff appealed.

The complaint was before this court for consideration upon a former occasion and it was held to state but one cause of action, and that for malpractice. 149 Minn. 481, 184 N. W. 32. The sole question presented by this appeal is whether the exclusion of testimony offered for the purpose of showing a course of illicit relations occurring between the parties 8 or 9 months subsequent to the time of the surgical operation, was such

[1]Reported in 195 N. W. 285.

error as to entitle the plaintiff to a new trial. We answer the query in the negative. That such illicit relations existed between the parties is alleged in the complaint and admitted by the defendant. We find no allegation in the complaint, to the effect that such relations in any way affected plaintiff's trouble for which the operation was performed, nor is there any proof to that effect, so far as the record before us discloses. Such perfidy on the part of a family physician does not justify the reception of proof of such facts so remote from the time of the operation, without some testimony showing that such acts in some way affected the trouble for which the operation was performed.