PETER L. CASHMAN v. F. NORMAN HEDBERG.[1]

June 18, 1943.

No. 33,534.

[1]Reported in 10 N. W. (2d) 388.

464

*Snyder, Gale & Richards,* for appellant.

*Sexton, Mordaunt, Kennedy & Carroll,* for respondent.

*Henderson, Schwartz & Halpern* filed a brief *amicus curiae* on behalf of the contention of respondent.

YOUNGDAHL, JUSTICE.

This action is one for wrongful death brought by the special administrator of the estate of John G. Cashman, deceased, pursuant to Minn. St. 1941, § 573.02 (Mason St. 1940 Supp. § 9657). On August 10, 1940, decedent, while riding as a guest in an automobile driven by defendant upon U. S. highway No. 371 approximately four miles southwest of the city of Brainerd, was fatally injured. Plaintiff claims that defendant's negligence in permitting the automobile to run off the highway and overturn was the cause of decedent's death, which resulted the day of the accident. Special letters of administration on the estate of decedent were granted plaintiff on January 11, 1943, and this action was commenced the same day. From an order of the court sustaining a demurrer to the complaint, plaintiff appeals. The trial court sustained the demurrer on the theory that the action was untimely commenced in that it was not brought within the two-year period prescribed by § 573.02, *supra,* stating in his memorandum that "under the circumstances of this action that the two-year period is an absolute limitation." This ruling of the trial court presents the sole question raised by plaintiff's assignments of error on this appeal.

■ Section 573.02 (§ 9657), providing for an action for wrongful death, insofar as here material, is as follows:

"When death is caused by the wrongful act or omission of any person or corporation, the personal representative of the decedent

may maintain an action therefor if he might have maintained an action, had he lived, for an injury caused by the same act or omission. * * * The action may be commenced within two years after the act or omission."

Defendant contends that this statute created a new action for the benefit of decedent's surviving beneficiaries as distinguished from those causes of action which survive the decedent and that the two-year limitation contained in the statute is a condition to the bringing of the action and must be strictly complied with. Plaintiff, while conceding that the weight of authority holds that the period mentioned is a condition affecting the right rather than an ordinary statute of limitations, nevertheless urges that it is a permissive rather than a mandatory provision, tolled by *Id.* § 541.16 (Mason St. 1927, § 9203), which provides:

"The time which elapses between the death of a person and the granting of letters testamentary or of administration on his estate, not exceeding six months, and a period of six months after the granting of such letters, are not to be deemed any part of the time limited for the commencement of actions by executors or administrators. If the death occur within the last year of the period of limitation, the action may be commenced by the personal representative at any time within one year after such death. If a cause of action survive against a decedent, which is not required by law to be presented to the probate court, an action may be brought thereon against the personal representative of the decedent at any time within one year after the granting of letters testamentary or of administration."

He also contends that § 541.16 operates to extend the two-year time limitation in § 573.02, the death by wrongful act statute, and that that statute and § 541.16 are *in pari materia,* each to be construed with reference to the other; therefore, that this action was timely commenced.

As an aid to a correct solution, we turn to the legislative history of these two sections, exhaustively delineated by counsel, to ascer-

tain the intention of the legislature. There did not exist at common law a right of recovery for death by wrongful act, nor were there any enactments in the United States creating this right until after the passage of Lord Campbell's Act by the British Parliament in 1846. Section 573.02 is in derogation of the common law and is considered to have established and created a new right of action. Keiper v. Anderson, 138 Minn. 392, 165 N. W. 237, L. R. A. 1918C, 299; 2 Dunnell, Dig. & Supp. §§ 2600, 2601, and cases cited, although there are minority holdings in other jurisdictions to the effect that such statutes merely permit the action to survive. 16 Am. Jur., Death, p. 47, § 61. By act of congress in 1849, 9 St. 403, the territory of Minnesota was created and removed as a part of the state of Wisconsin. By this act, laws of Wisconsin were extended to the territory of Minnesota, until such time as the legislature of Minnesota saw fit to repeal, alter, or modify them. In Statutes, Territory of Wisconsin, 1839, we observe the first appearance of a general tolling statute at p. 212, § 110, and again in Revised Statutes Wisconsin, 1849, c. 103, § 9, where the language is substantially the same as the first sentence of § 541.16, the only material difference in its present form being the deletion of the words "by any law" following the word "limited." This tolling statute became a part of Minnesota law and remained so from 1849 to 1851. The laws of the territory of Wisconsin did not contain a death by wrongful act statute. In 1851 the legislature of the territory of Minnesota repealed the laws of Wisconsin and enacted the first statutes of Minnesota, which contained both a death by wrongful act statute and a tolling statute, appearing as §§ 3 and 6, respectively, of R. S. 1851, c. 78. The last part of § 541.16 appeared for the first time as R. S. 1851, c. 70, § 18. In 1866 the statutes were again revised, and R. S. 1851, c. 70, § 18, and c. 78, § 6, were placed together under one heading, "The Time of Commencing Actions," and became G. S. 1866, c. 66, §§ 18 and 19, respectively. The wrongful death statute was placed separate and apart in G. S. 1866, as c. 77, and was entitled "Actions by or Against Executors, Administrators, and Heirs." The death by wrongful act statute became G. S. 1878, c. 77, § 2,

and G. S. 1866, c. 66, §§ 18 and 19, appeared in G. S. 1878 as c. 66, §§ 18 and 19.

In R. L. 1905, the two portions of the tolling statute were combined into c. 77, § 4085, and the wrongful death statute appeared as c. 84, § 4503. Thereafter, in 1913, 1923, and 1941, the tolling statutes remained combined under the heading "Limitation of Actions," while the death by wrongful act statute has remained in a separate chapter. As originally enacted in R. S. 1851, c. 78, § 3, the wrongful death statute contained the proviso: "but the action *must* be commenced within two years after the act or omission." By R. L. 1905, § 4503, the word "but" was deleted and the time limitation placed in a separate sentence, as follows: "The action *must* be commenced within two years after the act or omission." (Italics supplied.) By L. 1911, c. 281, this section was amended to read:

"The action *may* be commenced within two years after the act or omission." (Italics supplied.)

This wording has been retained and appears in the statute in its present form, namely, § 573.02 (§ 9657).

The decisions interpreting implied and express tolling provisions in general statutes of limitation as they apply to the limitation of time in the death statute are at variance. It is established, however, by the weight of authority, and followed by this state, that, since a wrongful death statute creates a right of action which did not exist at common law and is a condition affecting the right rather than the remedy, ordinarily neither express nor implied provisions which toll general limitation statutes will extend the limitation period in a wrongful death statute in the absence of a saving clause in the latter statute. In re Estate of Daniel, 208 Minn. 420, at 429, *et seq.*, 294 N. W. 465; *The Harrisburg,* 119 U. S. 199, 7 S. Ct. 140, 30 L. ed. 358; Western Fuel Co. v. Garcia, 257 U. S. 233, 42 S. Ct. 89, 66 L. ed. 210; Bement v. Grand Rapids & I. Ry. Co. 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; Negaubauer v. G. N. Ry. Co. 92 Minn. 184, 99 N. W. 620, 104 A. S. R. 674, 2 Ann. Cas.

150; Rodman v. M. P. Ry. Co. 65 Kan. 645, 70 P. 642, 59 L. R. A. 704; Annotation, 67 A. L. R. 1070. Some of the majority cases have reached this conclusion merely upon the premise that the action for death by wrongful act is in derogation of the common law and the limitation is one affecting the right rather than the remedy, while others, and we feel with better reasoning, have reached the same conclusion after a consideration of the following factors in determining the legislative intent:

(1) Location and time of enactment of death statute as compared with general statute of limitations.

(2) Legislative history of previous judicial construction of death statute, the limitation period applicable thereto, and general statute of limitation.

(3) Phraseology of pertinent statutory provisions.

(4) Nature and characteristics of particular exception in question.

(5) Any provision in wrongful death statute or limitation statute, or elsewhere, which may be construed as indicative of the solution of the problem.

(6) Saving clauses appearing in the wrongful death statute. Annotation, 132 A. L. R. 309.

There are minority decisions holding that the time limitations contained in death statutes are nothing more than mere statutes of limitation. Sharrow v. Inland Lines, Ltd. 214 N. Y. 101, 108 N. E. 217, L. R. A. 1915E, 1192, Ann. Cas. 1916D, 1236; Brookshire v. Burkhart, 141 Okl. 1, 283 P. 571, 67 A. L. R. 1059; Chiles v. Drake, 59 Ky. (2 Met.) 146, 74 Am. D. 406; Rock Island Coal Min. Co. v. Allen, 106 Okl. 188, 233 P. 1060; Annotation, 132 A. L. R. 305.

Several jurisdictions, including this state, have had occasion to pass upon the specific question whether a delay in the appointment of a personal representative operates to extend the time limitation prescribed in the wrongful death statute, with the majority holding that under such circumstances the limitation appearing in a death statute for the commencement of an action is neither tolled nor

suspended. Bickford v. Furber, 271 Mass. 94, 170 N. E. 796, 70 A. L. R. 469; Hill v. Arnold, 199 Mass. 109, 85 N. E. 97; Radezky v. Sargent and Co. 77 Conn. 110, 58 A. 709; Hanna v. Jeffersonville R. Co. 32 Ind. 113; Carden v. L. & N. R. 101 Ky. 113, 39 S. W. 1027; Williams v. Quebec S. S. Co. (D. C.) 126 F. 591; 70 A. L. R. 472.

This identical question has been decided here, adversely to plaintiff, in Rugland v. Anderson, 30 Minn. 386, 15 N. W. 676. He asserts that the decision law in this state is *stare decisis* in the instant case and relies principally upon Casey v. American Bridge Co. 116 Minn. 461, 134 N. W. 111, 30 L.R.A.(N.S.) 521, to support his contention. He endeavors to escape the holding of the Rugland case by contending that the issue of *"in pari materia"* was not there considered. An examination of respondent's brief in that case, however, indicates that this precise argument was presented to the court. On page two of that brief we find the following:

"This suit was not brought until after two years from the wrongful act upon which it is based, but we contend that the time between the death of intestate and the appointment of administrator should be excluded from the computation of such period of limitation under the provisions of Sec. 19, Chap. 66, Gen. Statutes, for the following reasons:

"1st. The history of the two statutes shows that they have always existed coincident, and by the first revision were embraced in the same chapter.

"Secs. 3-6, Chap. 78, Revised Statutes, Terry, Minn. 1851.

"2d. The two statutes clearly relate to the same class of actions in terms and should be construed together.

"3d. The provisions of these two sections do not contradict each other. One fixes a limitation for all cases. The other provides for the computation of time ranging from the shortest period within which an administrator may be appointed after the death of an intestate, to a period not longer than one year afterwards."

In response thereto, the appellant asserted on page six of his brief:

"It therefore clearly appears from the history of said section 19

of chapter 66, of our Statutes relied on by opposite counsel, that the same having been enacted at least seven years before the creation of the right to maintain an action of this character, that the same cannot be made to apply to the case at bar.

\* \* \* \* \*

"Section 19, above quoted, only relates to choses in action that were in existence during the lifetime of the party entitled to bring the same and which survive to his representatives upon his death."

With that issue squarely before it, the court found that the tolling provisions of the limitation statute did not affect the death statute, in the following language, 30 Minn. 386, 15 N. W. 676:

"The right to maintain an action of this kind being created by Gen. St. 1878, c. 77, § 2, is such as that section gives and no other. Nash v. Tousley, 28 Minn. 5 [8 N. W. 875]. It is, therefore, subject to the limitation which that section prescribes, *viz.:* that it must 'be commenced within two years after the act or omission by which the death was caused.' To this limitation the statute makes no exception, and none can be made by construction."

The foregoing holding has been the law in this state for 50 years. It has never been modified or overruled. The many intervening legislatures have added no saving clause to the death statute. By reënactment, without amendment, the legislature has adopted the judicial interpretation given in the Rugland case. Christgau v. Woodlawn Cemetery Assn. 208 Minn. 263, 273, 293 N. W. 619; Enger v. Holm, 213 Minn. 154, 164, 6 N. W. (2d) 101, 105. In support of its claim that the rule of *in pari materia* was not considered in the Rugland case, plaintiff cites Casey v. American Bridge Co. 116 Minn. 461, 465, 134 N. W. 111, 113, 30 L.R.A.(N.S.) 521, where it was said, concerning the Rugland case:

"The case cited [Rugland v. Anderson] cannot be regarded as controlling, for the reason that the statute giving the cause of action and the tolling statute relied on were not parts of the same chapter, and the question whether they were in pari materia was not discussed or decided in the opinion of the case cited, which was

based upon the conclusion that the statute giving the cause of action made no exception to the limitation. This was necessarily a correct conclusion, if such statute was to be read and construed without reference to any other statute."

This ill-advised statement appears to have been made without proper consideration of the issue so clearly presented in the briefs of appellant and respondent in the Rugland case. Casey v. American Bridge Co. *supra,* can be of little comfort to plaintiff here, as it is clearly distinguishable on the facts. There the court was considering certain Oklahoma statutory provisions, *i. e.,* a wrongful death statute and a statute of limitations, which were passed at the same time, part of the same chapter, and with a noticeably different legislative history than is here considered. The court there stated, 116 Minn. 463, 134 N. W. 111, 112, 30 L.R.A.(N.S.) 521:

"It appears from the record herein that sections 21 and 413 are parts of one and the same act, the code of civil procedure, *enacted at the same time, and that neither section was the law before the other one was."* (Italics supplied.)

In the instant case the limitation statute was in existence before the death by wrongful act statute. The legislature, therefore, could not possibly have had in mind that the tolling provisions in the limitation statute should affect the death statute, not yet in being. As the court said in Smith v. Eureka Pipe Line Co. 122 W. Va. 277, 281, 8 S. E. (2d) 890, 892, 132 A. L. R. 289, wherein a similar statutory situation was involved:

"* * * It seems apparent that if the saving clause provision was enacted following the adoption of the statute creating the right of recovery for death by wrongful act, it could be construed as referring thereto. However, if its adoption preceded the adoption of the Lord Campbell's Act, it is difficult to perceive a legislative intention to include non-existent actions for death by wrongful act by implication in its original enactment or in subsequent amendments.

* * * * *

"It therefore is obvious that the saving section at the time of its original enactment could not have been intended to include proceedings for death by wrongful act, even conceding that it might otherwise be read *in pari materia* with the Lord Campbell's Act. Without making that concession, the fact that the two statutes deal with unrelated subject matters would add weight to the conclusion that it was not the legislative intent to extend the life of the right of action to recover for death by wrongful act."

The fact that the limitation statute was enacted and was a part of Minnesota law before the wrongful death statute; that in the Revision of 1866 the latter statute was placed in a separate chapter and has since so remained; that after the Revision of 1866, in the case of Rugland v. Anderson, 30 Minn. 386, 15 N. W. 676, *supra,* this court, in construing the death statute, held that any action thereunder must be brought within two years; that the legislature has not seen fit to add a saving clause to the statute since this construction by the court evinces a clear legislative intent that the specific limitation appearing in the death statute was not to be extended by the tolling provisions of the limitation statute.

The substitution of the word "may" for "must" in L. 1911, c. 281, does not necessarily indicate a contrary legislative intent. The terms "may" and "must" are used interchangeably. To determine the import thereof, consideration will be given to the subject matter, the language of the statute, the importance of the provisions, the object intended to be achieved, and the legislative intent. Bowen v. City of Minneapolis, 47 Minn. 115, 49 N. W. 683, 28 A. S. R. 333; State ex rel. Birkeland v. Christianson, 179 Minn. 337, 229 N. W. 313; State ex rel. Laurisch v. Pohl, 214 Minn. 221, 8 N. W. (2d) 227; Egan v. Donaldson Atlantic Line, Ltd. (D. C.) 37 F. Supp. 909; Carlson v. Township of Elmo, 141 Minn. 240, 169 N. W. 805; 6 Dunnell, Dig. & Supp. § 8954.

Plaintiff's contention that these statutes are *in pari materia* fails as consideration is given to cases which have discussed the purpose and philosophy of the limitation statute. This court has repeatedly stated that the limitation statute relates only to actions which

survive the deceased. Wilkinson v. Estate of Winne, 15 Minn. 123 (159); St. Paul Trust Co. v. Sargent, 44 Minn. 449, 47 N. W. 51; Wood v. Bragg, 75 Minn. 527, 78 N. W. 93. Apart from the decisions, the language used in the limitation statute itself is clearly indicative of what was intended to be embraced therein.

Rights under the death statute, on the contrary, arise only by reason of death itself and not until then. It, perforce, cannot be an action which survives death, since death itself creates it. These two statutes, therefore, deal with different classes of actions and are not *in pari materia*. The rule of *in pari materia* can be invoked only when the two statutes under consideration relate to the same subject matter and the same class of actions. Wold v. Bankers Surety Co. 133 Minn. 90, 157 N. W. 998; State ex rel. G. N. Ry. Co. v. Municipal Court, 128 Minn. 225, 150 N. W. 924; Anderson v. City of Le Sueur, 127 Minn. 318, 149 N. W. 472; 6 Dunnell, Dig. & Supp. § 8984. Such is not the situation in the case at bar. We reluctantly reach the conclusion that plaintiff is barred by § 573.02, *supra,* because his action was not commenced within the two-year limitation period. While doubtful of the wisdom and fairness of the present status of the law in this respect, it is not for us to encroach upon the legislative function by a construction of a statute which does violence to the plain intention of the lawmaking body. We are of the opinion that justice will be better served if a saving clause is added to the death statute so as to make applicable thereto the tolling provisions of the statute of limitations. We commend this change to the careful consideration of the legislature.

Affirmed.