Gertrude HACHMANN, as Trustee for the Heirs of Herbert Hachmann, decedent, Plaintiff,

v.

The MAYO CLINIC et al., Defendants.

Civ. No. 574.

United States District Court
D. Minnesota, First Division.

April 23, 1957.

Arthur J. Donnelly, Richard A. Rohleder, St. Paul, Minn., for plaintiff.

Wright W. Brooks, Minneapolis, Minn., for defendants.

DEVITT, District Judge.

This is an action for wrongful death alleging that the decedent died as a re-

sult of negligent treatment given him by the defendants. There exists the requisite diversity of citizenship and jurisdictional amount.

The cause of action arose on January 3, 1954. The complaint was filed on December 31, 1956, more than two, but less than three, years after the death of Hachmann.

The defendants have moved to dismiss on the grounds that the action is barred by the Minnesota two-year statute of limitations governing malpractice actions. Minnesota Statutes Annotated, § 541.07(1). The plaintiff contends that since this is an action for wrongful death, it has been timely commenced within the three-year period provided by the Minnesota wrongful death statute. Minn.Stat. § 573.02.

■ Where diversity of citizenship is the jurisdictional ground for action, the federal district court sits, in effect, as another state court. Guaranty Trust Co. v. York, 326 U.S. 99, 108, 65 S.Ct. 1464, 89 L.Ed. 2079. As such, we must be governed by State law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

■ The issues raised by defendants' motion have not been resolved by the Minnesota Supreme Court. The lack of authoritative state decisions is not a sufficient ground to decline the exercise of jurisdiction, see Doud v. Hodge, 350 U.S. 485, 76 S.Ct. 491, 100 L.Ed. 577. The task of resolving conflicts in state statutes is an important one because, where the trial court reaches a permissible conclusion upon a doubtful question of local State law, such conclusion normally receives the approbation of the Court of Appeals. Dougaard v. Hawkeye Security Ins. Co., 8 Cir., 239 F.2d 351; Milwaukee Ins. Co. v. Kogen, 8 Cir., 240 F.2d 613.

The defendants have argued orally, and in their brief, that Sec. 573.02 and Sec. 541.07(1) of the Minnesota Statutes are in pari materia. They contend that the legislature of Minnesota has created a statutory scheme wherein wrongful death actions generally are to be commenced within three years as provided in Sec. 573.02, but that wrongful death actions based upon the malpractice of doctors or hospitals are subject to the more restrictive limitation of two years provided for in Sec. 541.07(1). Section 541.07(1) reads, in so far as pertinent:

"The following actions shall be commenced within two years:

"(1) For libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury, and *all actions against physicians, surgeons, dentists, hospitals, sanitariums for malpractice, error, mistake or failure to cure, whether based on contract or tort; * * *.*"
(Emphasis supplied.)

The defendants' contentions must necessarily proceed from the assumption that this is, at the same time, an action for wrongful death and a claim for damages for malpractice.

Defendants have, however, mistaken the nature of the two causes of action.

Until the British Parliament passed Lord Campbell's Act in 1846, there existed no action at common law for death by wrongful act. Lord Campbell's Act is codified as Sec. 573.02 of the Minnesota Statutes.

■ The statute creates an action, arising upon death, which may be maintained by the personal representative of the deceased for the benefit of the surviving spouse and the next of kin. The action is purely a creature of the legislature and is in derogation of the common law. Cashman v. Hedberg, 215 Minn. 463, 10 N.W.2d 388.

■■ At common law, a cause of action arising out of injuries to the person was personal and died with the death of either party, whether or not the injury resulted in death. Fidelity & Casualty Co. of New York v. St. Paul Gas Light Co., 152 Minn. 197, 188 N.W. 265. The Minnesota Survival Statute, Sec.

573.01, departs from the common law rule only to the extent that it provides that the *defendant's* death will not abate a cause of action accrued to the plaintiff for bodily injuries or death. Section 573.01 retains the common law rule with respect to the plaintiff, providing:

"A cause of action arising out of an injury to the person dies with the person of the party in whose favor it exists, except as provided in Section 573.02. * * *"

The general limitation statute, Sec. 541.07(1) applies to the actions of libel, slander, assault, battery and others, including medical malpractice, all of which, at the common law, and by statute, abate at the death of the plaintiff. See Bryant v. American Surety Co., 69 Minn. 30, 71 N.W. 826. Section 573.01 makes no exception for actions against doctors or hospitals for malpractice, nor can an exception be read into Sec. 573.01 from those cases which hold that malpractice is an action ex contractu rather than ex delicto. Burke v. Maryland, 149 Minn. 481, 184 N.W. 32, and cases cited; whether founded upon contract or tort, the action for medical malpractice arises "out of an injury to the person", and does not survive the death of the plaintiff. 1 C. J.S. Abatement and Revival § 145(f), pp. 201–202.

■ If the decedent Hachmann had a right of action for malpractice against these defendants, that right of action died with Hachmann and cannot now be maintained by his representatives. The negligent acts of a physician or a hospital resulting in death give rise to only one right of action, the exclusive remedy afforded by the wrongful death statute.

The plaintiff here is not maintaining an action which accrued originally to the decedent Hachmann. The wrongful death statute is not a survival act, but is a new and distinct right of action accruing only to the personal representative of the deceased. Keiper v. Anderson, 138 Minn. 392, 398, 165 N.W. 237, 238, L.R.A. 1918C, 299.

The case at bar is an action for death by wrongful act. It can be nothing else.

■ There is no occasion here to reconcile Sec. 541.07(1) and the wrongful death act, Sec. 573.02. Rights under the death statute arise only by reason of death; those actions governed by the limitation statute, Sec. 541.07(1), abate upon the death of the plaintiff. The two statutes, therefore, deal with different classes of action and are not in pari materia. Cashman v. Hedberg, 215 Minn. 463, 473, 10 N.W.2d 388, 393. Section 541.07(1) must be interpreted as governing only those actions against physicians, hospitals, etc., for malpractice resulting in injury. Where death is the result, recovery must be sought under the exclusive provisions of the wrongful death statute. The sum and substance of an action for wrongful death, including the time limitation for bringing the action, is contained in the statute itself. Section 541.07(1), applying as it does to actions which abate upon the death of the plaintiff, cannot be held to modify the period of time provided in Sec. 573.02.

The case of Kuhlmann v. City of Fergus Falls, 178 Minn. 489, 227 N.W. 653, relied on by the defendants, is clearly distinguishable. That was a wrongful death action against a city. The statute *expressly* made that kind of death action subject to the more restrictive time limitations for actions against cities. No such clear expression of legislative intention is present here. The action for death by wrongful act is outside the scope of Sec. 541.07(1).

The complaint was filed within the three-year period permitted for wrongful death actions, and the defendants' motion to dismiss must be, and hereby is, denied.