HEBERT v COLE

Docket No. 56037. Submitted March 4, 1982, at Lansing.—Decided April 22, 1982. Leave to appeal applied for.

Wendy Hebert, as guardian of her minor children Daniel and Leitha Vaughn, brought an action against Harold J. Crystal, Dean A. Culver, David Young and Aetna Life & Casualty, claiming that the children had been deprived of the society and companionship of their father because of the wrongful acts of the defendants. The father had been killed in a gambling dispute in Crystal's pool hall. Crystal died and Charles Cole, the administrator of the Crystal estate, was substituted as defendant. Cole moved for summary and accelerated judgment on one count of the complaint which alleged that Crystal had knowingly permitted a nuisance in his establishment. Cole alleged that the action was actually a wrongful death action which was not brought by the decedent's personal representative or brought within three years of the decedent's death. The Genesee Circuit Court, Harry B. McAra, J., denied the motion, holding that the children had a right to pursue an independent cause of action for the loss of society and companionship of their father. Cole appealed. *Held:*

1. An action for loss of the society and companionship of a deceased must be brought under the wrongful death act by a personal representative of the deceased. The children do not have an independent cause of action for loss of services, etc., due to the wrongful death of their father.

2. The general tolling statute, which preserves a right of action of a minor until his majority, does not apply in this case. The children's mother, plaintiff herein, was at no time under

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Death §§ 133, 135.

Measure and elements of damages in wife's action for loss of consortium. 74 ALR3d 805.

[2, 4] 22 Am Jur 2d, Death §§ 35, 38.

[3] 22 Am Jur 2d, Death §§ 50, 133.

[4] 22 Am Jur 2d, Death §§ 40, 45.

Minority of surviving children as tolling limitation period in state wrongful death action. 85 ALR3d 162.

any disability from being appointed personal representative. The children, therefore, had an adequate remedy under the wrongful death statute. This action was brought after the expiration of the three-year period of limitation for wrongful death actions and is therefore barred.

3. The Court of Appeals leaves to the Legislature the fashioning of any new limitation period to resolve the apparent inequity between the remedy available to a child whose parent has been killed through the wrongful acts of third parties and a child whose parent was injured by such wrongful acts.

Reversed and remanded.

1. ACTIONS — WRONGFUL DEATH — LOSS OF SERVICES AND COMPANIONSHIP.

The wrongful death act extended the right of a personal representative to recover for real injuries that were not actionable at common law; among the theories upon which damages may be recoverable is the loss of services and companionship (MCL 600.2922; MSA 27A.2922).

2. ACTIONS — WRONGFUL DEATH.

An action for wrongful death may be brought only under the wrongful death statute and must be brought by the personal representative of the deceased within three years of the death of the deceased (MCL 600.2922; MSA 27A.2922).

3. ACTIONS — WRONGFUL DEATH — PARTIES.

A child may not maintain an independent cause of action for the loss of services due to the wrongful death of his parent; such an action may be brought only by a personal representative under the wrongful death statute (MCL 600.2922; MSA 27A.2922).

4. LIMITATION OF ACTIONS — WRONGFUL DEATH — MINOR CHILD OF DECEASED.

The three-year period of limitation for wrongful death actions is not tolled in respect to a minor child of the deceased for the purpose of allowing the child to bring an action upon reaching his majority where the child was represented by a surviving parent who was under no disability from bringing the wrongful death action within the three-year limitation period and did not do so (MCL 600.5805[8]; MSA 27A.5805[8]).

*Daniel Loznak,* for plaintiff.

*Ulanoff, Ross, Summer, LaKritz, Wesley & Bloom, P.C.,* for defendant Cole.

Before: M. F. Cavanagh, P.J., and Allen and
E. C. Penzien,* JJ.

Allen, J. On July 26, 1978, plaintiff, as guard-
ian for her two minor children, sued defendants,
claiming the children had been deprived of the
society and companionship of their father due to
defendants' wrongful acts, which culminated in
the fatal shooting of their father on May 14, 1972.
One of the defendants, Charles Cole, sought sum-
mary and accelerated judgment. The trial court
denied the motion in an order dated December 9,
1980, and we granted leave to appeal.

On May 14, 1972, plaintiff's decedent became
involved in a dispute about a $5 bet on a pool
game in Harold's Bar. Defendants Dean Alton
Culver and David Young fought with the decedent
and Culver fatally shot him. Harold's Bar was
owned by Harold J. Crystal, defendant Cole's dece-
dent.

Plaintiff filed this suit on behalf of her children
more than six years later. The complaint alleged
in count I that Culver and Young assaulted plain-
tiff's decedent and that Culver killed him. In count
II, plaintiff alleged that Crystal knowingly permit-
ted a nuisance, *i.e.,* illegal gambling, in his estab-
lishment. In count III, plaintiff claimed liability
under the dramshop act.

Defendant Cole, as administrator of the estate of
Crystal, moved for summary and accelerated judg-
ment on count II alone, claiming that the com-
plaint alleged a wrongful death action which had
not been brought by a personal representative of
the deceased, MCL 600.2922; MSA 27A.2922, nor
had it been brought within three years, MCL
600.5805(7); MSA 27A.5805(7). The court denied

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the motion, finding that under *Berger v Weber,* 82 Mich App 199; 267 NW2d 124 (1978), the minor children had a right to pursue an independent cause of action for the loss of society and companionship of their father.

On appeal, we must determine (1) whether the children's claim for loss of society and companionship of their father must be brought under the wrongful death act, or whether they may maintain an independent cause of action, and (2) whether their claim is barred by the statute of limitations.

Our consideration of both issues requires an examination of the nature of an action for loss of society and companionship. The common law recognized a husband's right to sue for loss of consortium resulting from an injury to his wife. *Berger v Weber,* 411 Mich 1, 20; 303 NW2d 424 (1981) [affirming with modifications 82 Mich App 199; 267 NW2d 124 (1978), the Supreme Court opinion being released after the trial court's final order in this case]. A father also could sue for the loss of services of an injured child. *Id.,* 21. A wife or child, however, had no common-law right to recover for the loss of companionship or services of an injured husband or father.

The Supreme Court broadened the common-law right in *Montgomery v Stephan,* 359 Mich 33; 101 NW2d 227 (1960), when it permitted a wife to maintain an action for loss of consortium when her husband had been negligently injured. Similarly, a child's cause of action for negligently caused injuries to his parent resulting in loss of parental consortium was recognized by the Supreme Court in *Berger v Weber, supra. Mortgomery* and *Berger* each involved actions for the negligently caused injury, but not death, of a loved one.

When death results from a negligent act, a

remedy outside the common law exists in an action for wrongful death. Before 1971, it was unclear whether a wrongful death action could include as an element of damages the loss of companionship and services of the deceased. Compare the majority and dissent in *Breckon v Franklin Fuel Co,* 383 Mich 251; 174 NW2d 836 (1970), with the majority holding that there can be no recovery under the wrongful death act for loss of consortium, and that decision being overruled, in *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972). In 1971, the Legislature, apparently responding to *Breckon,* amended the wrongful death act to expressly permit recovery for loss of society and companionship of the deceased. 1971 PA 65, § 1, effective March 30, 1972, *Smith v Detroit, supra,* adopting the dissent of Justice ADAMS in *Breckon.* After the 1971 amendment and *Smith,* it has been unquestioned that the wrongful death act permits recovery for the loss of services and companionship.

We have consistently recognized that the wrongful death statute extended the right to recover for real injuries that were not actionable at common law. *Crystal v Hubbard,* 92 Mich App 240, 243; 285 NW2d 66 (1979), *lv gtd* 408 Mich 895 (1980). The broadened right of recovery for the loss of consortium of parents or husbands reflects the legislative intent to go beyond the common law and to provide remedies for these very real losses.

The expanded class of persons entitled to seek damages for the loss of the society and companionship of a loved one is compelled, however, to follow the strict limitations contained within the wrongful death act. These legislative limitations reflect a compromise. A broader remedy does indeed exist, but the remedies must be sought through a single

action brought by the personal representative of the deceased within three years of the deceased's death. MCL 600.2922; MSA 27A.2922. The goals of avoiding a multiplicity of suits, *MacDonald v Quimby,* 350 Mich 21, 29; 85 NW2d 157 (1957), and preventing the prosecution of stale claims are manifested in the following limitations.

MCL 600.2922(1); MSA 27A.2922(1) provides that all actions for a wrongful death "shall be brought only under this section". The use of the word "shall" suggests that the language is mandatory. While arguably an action for a loss of services is not an action for death but rather an action for injuries to others as a result of the death, the Supreme Court has interpreted this section as barring a separate action for loss of services. *Burns v Van Laan,* 367 Mich 485, 488; 116 NW2d 873 (1962). This is consistent with the legislative goal of avoiding a multiplicity of suits.

MCL 600.2922(2); MSA 27A.2922(2) requires that all actions shall be brought by and in the names of the personal representatives of the deceased. This language, too, has been recognized as mandatory. *Maiuri v Sinacola Construction Co,* 382 Mich 391, 393; 170 NW2d 27 (1969). This provision has been held to bar a widow from suing in her own right, as the action must be brought by the personal representative of the deceased. *MacDonald, supra, Burns, supra.*

These limitations on the statutory cause of action may at times create a seeming injustice, as Justice ADAMS recognized in his dissent in *Breckon, supra,* adopted in *Smith v Detroit, supra:*

"[I]n the case of death rather than injury, the wrongful death act was held to encompass the damages a wife might recover. She does not have a separate cause of

action against a tortfeasor who kills her husband as she does against the one who injured him." *Breckon,* 289.

We believe that the same reasoning must apply to a child as well as a wife.

This conclusion is entirely consistent with the Supreme Court's decision in *Berger, supra.* There, the Court fashioned a common-law remedy for a child who suffers the loss of parental society and companionship due to a negligently inflicted *injury* on the parent. The majority reasoned that this remedy was necessary to fill a gap in the common law, since the child who suffers the same loss due to the death of a parent has a right to recover under the *wrongful death act. Berger, supra,* 13. We therefore cannot, as plaintiff requests, extend the wrongful death act by applying *Berger,* which merely sought to create a common-law right coextensive with the statutory right.

We conclude that the trial court improperly found that a child may maintain an independent cause of action for the loss of services due to the wrongful death of his parent. Such an action may be brought only by a personal representative acting under the wrongful death act.

Wrongful death actions must be brought within three years of the death of the deceased.[1] *Rieterman v Westinghouse, Inc,* 106 Mich App 698, 701-702; 308 NW2d 612 (1981). Plaintiff argues that this period of limitation should be tolled during the children's minority, as the children cannot appoint a personal representative or take any action to force a personal representative to pursue

---

[1] At the deceased's death, the three-year limit was expressed in the general statute, MCL 600.5805(7); MSA 27A.5805(7). Effective September 13, 1978, a specific statute of limitations for wrongful death actions sets the same three-year limit. MCL 600.5805(8); MSA 27A.5805(8).

an action. We are unpersuaded by plaintiff's argument.

We do not believe that the words of the general tolling statute permit us to apply it here. MCL 600.5851(1); MSA 27A.5851(1) provides:

"If *the person first entitled* to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run." (Emphasis supplied.)

As a child is not a party "first entitled" to bring an action for wrongful death, we believe that the child's disability is irrelevant.

Plaintiff relies on *Gaudette v Webb,* 362 Mass 60; 284 NE2d 222; 61 ALR3d 893 (1972), to support her argument. In that case, the Massachusetts Supreme Court held that the period of limitation for a wrongful death action was tolled during a child's minority. That case, however, is distinguishable, as the court relied primarily on the Massachusetts common-law wrongful death action, and Michigan has not recognized a common-law action for wrongful death. *Crystal v Hubbard, supra.*

We believe that the New York Court of Appeals, faced with the same issue, properly refused to follow the lead of Massachusetts. In *Ratka v St Francis Hospital,* 44 NY2d 604; 407 NYS2d 458; 378 NE2d 1027 (1978), the court refused to recognize a common-law action for wrongful death and declined to hold that the period of limitation for the statutory wrongful death action should be tolled when the action involved a minor's suit for loss of services. The court held that, so long as

there were next of kin who were under no disability from being appointed to represent the estate, there was a remedy and the period of limitation should not be tolled.

In the case before us, the minor children are represented by their mother, who has not alleged that she was under a disability at the time of the father's death or thereafter. We believe that the children had an adequate remedy under the wrongful death statute. Were we to hold otherwise, we would upset the legislative determinations that avoidance of a multiplicity of suits and the barring of stale actions are important considerations. Here, as the action was not instituted within the three-year period of limitation, it is barred.

We observe that our holding leads to an apparently inequitable result. Here, where the children's father was killed through the alleged wrongful acts of the defendants, the statute of limitations bars them from any remedy at this point. Had the father been injured, however, the children could proceed under their common-law cause of action after they reach majority. This seeming inequity results from the judicial creation of a cause of action to protect the rights of the child whose parents are injured. Although the courts intended only to create a right that was coextensive with the rights of a child whose parents are killed, the court did not provide the same period of limitation as is provided in the statutory action. We do not believe that we should remedy this apparent inequity by broadening the scope of the statutory action, and we leave it to the Legislature to fashion any new limitation period for the new action that was recognized in *Berger, supra.*

Reversed and remanded. No costs, a question of statutory interpretation being before the Court.