KULL v WATZKE

Docket No. 60319. Submitted June 8, 1982, at Lansing.—Decided
    September 9, 1982. Leave to appeal applied for.

Edmund Kull and Lynn Kull were married and had two children.
    Subsequently, Edmund Kull died due to injuries sustained in
    an automobile accident. Eight years later, Lynn Kull was
    appointed personal representative of her husband's estate pur-
    suant to her petition. Thereafter, Lynn Kull, as personal repre-
    sentative of the estate of Edmund Kull, deceased, filed a suit
    for wrongful death in Oakland Circuit Court against Linda Lee
    Watzke. The court, Farrell E. Roberts, J., granted the defen-
    dant an accelerated judgment based on expiration of the period
    of limitation for wrongful death actions. The plaintiff appeals
    alleging that the period of limitation should be tolled regarding
    the claims that she was asserting on behalf of her minor
    children due to the children's infancy. *Held:*

    The trial court properly granted accelerated judgment for the
    defendant. The applicable period of limitation is three years for
    an action based on wrongful death. Because only the personal
    representative of an estate may bring an action for wrongful
    death, the period of limitation should not be tolled by the
    children's infancy.

    Affirmed.

1. ACTIONS — LIMITATION OF ACTIONS — TOLLING.

    If a person first entitled to make an entry or bring an action is
    under 18 years of age, insane, or imprisoned at the time his
    claim accrues, he or those claiming under him shall have one

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur 2d, Limitation of Actions §§ 182, 185-188, 190, 192, 194-
    196.
    Minority of surviving children as tolling statute of limitation period
    in state wrongful death action. 85 ALR3d 162.
    Time of existence of mental incompetency which will prevent or
    suspend running of statute of limitations. 41 ALR2d 726.
    Imprisonment as tolling statute of limitations. 24 ALR2d 618.
[2] 22 Am Jur 2d, Death §§ 133, 135.
[3] 22 Am Jur 2d, Death §§ 40, 45.

year after his disability is removed through death or otherwise to make the entry or bring the action although the period of limitations has run (MCL 600.5851[1]; MSA 27A.5851[1]).

2. Actions — Wrongful Death — Parties.

A child may not maintain an independent cause of action for the loss of society and companionship due to the wrongful death of his parent; such an action may be brought only by a personal representative under the wrongful death statute (MCL 600.2922; MSA 27A.2922).

3. Limitation of Actions — Wrongful Death — Minor Child of Deceased.

The three-year period of limitation for wrongful death actions is not tolled in respect to a minor child of the deceased for the purpose of allowing the child to bring an action upon reaching his majority where the child was represented by a surviving parent who was under no disability from bringing the wrongful death action within the three-year limitation period and did not do so (MCL 600.5805[8]; MSA 27A.5805[8]).

*Alan G. Greenberg,* for plaintiff.

*Thomas J. Trenta,* for defendant.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Edmund Kull was married to plaintiff and had two minor children, born in 1968 and 1971. On January 28, 1973, Kull died due to injuries sustained in an automobile accident. Eight years later, plaintiff petitioned to be appointed personal representative of her husband's estate. She was appointed on May 27, 1981. On July 6, 1981, plaintiff commenced an action for wrongful death, pursuant to MCL 600.2922; MSA 27A.2922, alleging that her husband's death occurred as a result of defendant's negligence. Defendant moved for accelerated judgment under GCR 1963,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

116.1(5), arguing that the applicable three-year statute of limitations, MCL 600.5805(8); MSA 27A.5805(8), barred plaintiff's claim. Plaintiff responded that the period of limitation should be tolled in respect to claims that she is asserting on behalf of her minor children due to her children's infancy. The trial court granted defendant accelerated judgment and plaintiff appeals as of right.

MCL 600.5805(8); MSA 27A.5805(8) provides a three-year period of limitation for commencement of wrongful death actions. *Reiterman v Westinghouse,* 106 Mich App 698, 701-702; 308 NW2d 612 (1981). In addition, MCL 600.5851(1); MSA 27A.5851(1) provides:

"If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run."

Plaintiff's children, however, are not the persons first entitled to bring a wrongful death action. Rather, MCL 600.2922; MSA 27A.2922 mandates that only the personal representative of an estate may bring an action for wrongful death. Accord, *Maiuri v Sinacola Construction Co,* 382 Mich 391, 393; 170 NW2d 27 (1969). Since minor children are not entitled to bring wrongful death actions, the period of limitation is not tolled by their infancy. This issue was treated at some length in *Hebert v Cole,* 115 Mich App 452; 321 NW2d 388 (1982), and we choose to follow Judge ALLEN's reasoning in that decision. The inequity caused by the Supreme Court's decision to create a child's cause of action in a wrongful death case, which is not coextensive

with its cause of action in a personal injury case, we leave for correction by the Legislature.

The three-year period for bringing a wrongful death action expired before plaintiff filed her complaint. Accelerated judgment was, therefore, properly granted.

Affirmed.