**James Bruce OSLUND, Plaintiff,**

v.

**Grant Stephen JOHNSON, Defendant.**

**James Leonard JOHNSON, defendant and third-party plaintiff, Respondent,**

v.

**Matthew CHAMERNICK, et al., d/b/a/ CC Club, third-party defendants, petitioners, Appellants,**

**Toonen, Inc., d/b/a/ Uptown Bar & Cafe, third-party defendant, petitioner, Appellant.**

**No. C4–97–253.**

Supreme Court of Minnesota.

May 14, 1998.

---

Steven E. Tomsche, Tomsche, Sonnesyn & Tomsche, P.A., Minneapolis, for Toonen, Inc.

Michael J. Dwyer, Virginia A. Dwyer, Grannis & Hauge, P.A., Eagan, for Chamernick, et al.

Lawrence N. Rocheford, Sydnee N. Woods, Jardine, Logan & O'Brien, P.L.L.P., St. Paul, for James Leonard Johnson.

## OPINION

ANDERSON, Justice.

Early in the morning on February 13, 1994, defendant Grant Johnson drove his father's van while intoxicated and rear-ended a city sanding truck driven by plaintiff James Oslund. Eleven months later, Oslund commenced an action against Grant Johnson's father, respondent James Johnson, for injuries arising from this accident. Fifty-eight days later, James Johnson served a notice of claim against the appellants, the CC Club and the Uptown Bar, the last two bars to serve Grant Johnson alcoholic beverages before the accident. The following day, Johnson served the two bars with a third-party complaint. The two bars brought motions for summary judgment, asserting that James Johnson failed to comply with the time requirements for notice under the Dram Shop Act, Minn.Stat. ch. 340A (1996). The district court granted the motions. The Minnesota Court of Appeals reversed, holding that the statutory notice requirement did not apply to vicariously liable tortfeasors such as James Johnson. We conclude that the statutory notice requirement does apply to James Johnson, and that the notice he gave was untimely. Therefore, we reverse the court of appeals and reinstate the district court's grant of summary judgment.

The facts are undisputed. Grant Johnson was driving his father's van on the evening of February 12, 1994 as he went from bar to bar drinking with friends. Around 11:00 p.m., he left the CC Club and went to the Uptown Bar. Both bars served alcoholic beverages to Grant. After leaving the Uptown Bar around 1:00 a.m. on February 13, Grant was driving the van along Dupont Avenue in Minneapolis when he rear-ended a city sanding truck being driven by James Oslund. When the police arrived at the accident scene, they noticed that Grant appeared to be intoxicated and obtained his consent to test his blood for alcohol. The test showed that at 2:20 a.m. Grant's blood alcohol content was .23.

Oslund suffered injuries as a result of the accident and, on January 17, 1995, commenced an action against James Johnson to recover damages for these injuries. In his action, Oslund alleged that because James Johnson, Grant's father, gave Grant permission to drive the van, Johnson was liable for injuries arising from the accident. *See* Minn. Stat. § 170.54 (1996).

On March 16, 1995, James Johnson sent notices to Matthew Chamernick, Lester Emard, and TMMS, Inc., doing business as CC Club, and Toonen, Inc., doing business as Uptown Bar & Cafe. He informed the bars about the January 17 lawsuit and notified them that he may be bringing an action against them under the Dram Shop Act, which allows a person injured by the result of an illegal sale of alcoholic beverages to recover from the one making the illegal sale. Minn.Stat. § 340A.801. The following day, Johnson served a third-party complaint against the two bars, alleging that they had illegally served his son alcoholic beverages on

February 12 and 13, 1994, and thus he, James Johnson, was entitled to contribution or indemnity from the bars.

The two bars brought motions for summary judgment, arguing that Johnson had failed to meet the notice requirement of Minn.Stat. § 340A.802, subd. 2, which provides in part:

In the case of claims for contribution or indemnity [from a liquor vendor], * * * notice [of the claim] must be served within 120 days after the injury occurs or within 60 days after receiving written notice of a claim for contribution or indemnity, whichever is applicable.

Under that statute, "[n]o action for * * * contribution or indemnity, may be maintained unless the notice has been given." *Id.* The two bars argued that because the accident occurred on February 13, 1994, and Johnson served them with the notice more than a year later on March 16, 1995, Johnson had failed to meet the 120–day–from–injury provision. The Hennepin County District Court denied the motion, determining that Johnson only needed to provide notice within 60 days of receiving notice himself, and found that Johnson did not receive notice until Oslund's complaint was served on January 17, 1995. Therefore, the court concluded that the notice sent on March 16, 1995 was timely.

Additional discovery revealed that James Johnson knew of the accident the day it occurred and had been put on notice that he could be sued long before he was served with Oslund's complaint. Johnson admitted during his deposition that his son called him on the day of the accident, told him about the accident, and informed Johnson that he had been drinking. Further, Oslund's attorney sent James Johnson a letter on October 27, 1994, notifying Johnson that he would be representing Oslund in regard to the accident and asking Johnson to immediately notify his insurer. Based on this additional information, the two bars renewed their motions for summary judgment. This time, the district court stated that it was unclear whether the 120–day or 60–day provision applied, but held that Johnson's notice was untimely under either provision. Therefore, the court granted summary judgment in favor of the two bars, dismissing the case against them. Later, in 1996, Johnson settled his claims with Oslund.

Johnson appealed the district court's grant of summary judgment in favor of the two bars. The court of appeals reversed the district court and reinstated Johnson's action. The court of appeals held that the time periods for notice in Minn.Stat. § 340A.802, subd. 2 do not apply to a tortfeasor who is only vicariously liable and thus do not apply to Johnson. The court stated that the "120 days after the injury" provision could not apply because a vicarious tortfeasor may not even have notice of the injury within 120 days of its occurrence. The court further held that the "60 days after receiving written notice of a claim for contribution or indemnity" provision does not apply to a vicariously liable tortfeasor such as Johnson who is sued for damages, and not for contribution or indemnity. Alternatively, the court concluded that even if the 60–day notice provision applies, Johnson was in compliance because he served the notice of injury within 60 days of being served with the summons and complaint against him. The two bars now appeal to this court.

When reviewing summary judgment, we review the record to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Wallin v. Letourneau*, 534 N.W.2d 712, 715 (Minn.1995). "When a [district] court applies statutory language to the undisputed facts of a case, its conclusion is one of law and does not bind this court." *Id.* Here, the facts are undisputed, and the only question is one of statutory interpretation. As such, we apply de novo review to the district court's decision.

The first issue is whether the notice requirement applies to Johnson who is only alleged to have been vicariously liable. If the words of a statute are free from ambiguity, they are not to be disregarded. Minn. Stat. § 645.16 (1996). Therefore, we begin with the language of the statute. Subdivision 1 of Minn.Stat. § 340A.802 provides that a "person who claims * * * contribution or indemnity from a licensed retailer of alcohol-

ic beverages * * * must give a written notice to the licensee." Under the plain language of the statute, we conclude that James Johnson was required to comply with the notice requirement because he is a person bringing a claim for contribution or indemnity against a licensed retailer of alcoholic beverages. Subdivision 2 of Minn.Stat. § 340A.802 provides that "[i]n the case of claims for contribution or indemnity, the notice must be served within 120 days after the injury occurs or within 60 days after receiving written notice of a claim for contribution or indemnity, whichever is applicable." Accordingly, we conclude that Johnson was required to comply with either the 60–day or the 120–day notice provision.

■ We first analyze application of the 60–day provision to Johnson. Under Minn. Stat. § 340A.802, subd. 2, a person suing a liquor vendor for contribution or indemnity must provide that vendor with written notice "within 60 days after receiving written notice of a claim for contribution or indemnity." The court of appeals concluded that the 60–day provision could not apply to Johnson because Oslund sued Johnson for damages, not for contribution or indemnity. We agree. Because Johnson was sued for *damages* only, he would never receive written notice of a claim for *contribution or indemnity.* Further, the statute uses the terms "written notice" and "notice" throughout to refer to the notice that must be sent to the liquor vendor being sued. As Johnson is not a liquor vendor being sued for contribution or indemnity, the 60–day notice provision does not apply to him.

■ Next, we analyze the 120–day provision as applied to Johnson. Under Minn. Stat. § 340A.802, subd. 2, a person claiming contribution or indemnity from a liquor vendor must serve that vendor with notice of that claim within "120 days after the injury occurs." Because Johnson is a person claiming contribution or indemnity from a liquor vendor, he was required to comply with the 120–day provision.

■ Johnson argues that even if the 120–day provision does apply to him, "injury" cannot mean the accident, but must instead refer to the time when he was injured by having to pay more than his fair share of the damages. Johnson claims that he did not suffer injury until he had to pay damages when he settled with Oslund in November 1996. Johnson's argument is unconvincing. Throughout the Dram Shop Act, "injury" refers to the original accident giving rise to the claim for contribution or indemnity. For example, subdivision 1 of Minn.Stat. § 340A.802 states that the notice requirement applies to persons claiming "contribution or indemnity * * * for or because of an *injury* within the scope of section 340A.801" (emphasis added). "Injury" is not the equivalent of "contribution or indemnity." Section 340A.801 does not define "injury," but refers to injury caused "by an intoxicated person or by the intoxication of another person." Therefore, "injury" refers to the initial injury caused by the intoxicated person, and not to the ensuing claim for contribution or indemnity. Thus, the 120–day provision began to run on the date of the accident—February 13, 1994.

■ Applying the 120–day notice provision to Johnson, we conclude that the notice he served was untimely. Johnson was required to serve notice to the bars within 120 days of the accident, which was June 12, 1994, but his notice was not sent until March 16, 1995, more than nine months late. When a statute supplies a specific notice requirement, any claims under that statute are barred when notice has not been timely given. *See, e.g., Hansen v. D.M. & I.R. Ry. Co.,* 292 Minn. 503, 503–04, 195 N.W.2d 814, 814–15 (1972) (barring a claim for contribution because of failure to comply with 30–day notice requirement). Under Minn.Stat. § 340A.802, subd. 2, an action for contribution or indemnity cannot be maintained unless timely notice has been given. Johnson did not give timely notice under the statute, and therefore his claim is barred.

Affirmed in part, reversed in part.