Joseph WHITENER, Jr., Michael Lee Bower, Jerome Lee Whitener, and Thomas Jacob Whitener, minors, by their guardian ad litem, Lee Miller, Respondents,

v.

Ronald DAHL, d/b/a Flowing Well Supper Club, defendant and third-party plaintiff, Appellant,

v.

Mahnomen Implement, Inc., et al., third-party defendants.

No. C7–99–2177.

Court of Appeals of Minnesota.

June 27, 2000.

Review Granted Aug. 22, 2000.

Paul F. McEllistrem, Hauer, Fargione & Love, P.A., Minneapolis, for respondents Joseph, Jerome and Thomas Whitener, Michael Bower, and guardian ad litem.

Peter E. Lind, Steven D. Pattee, Waldeck & Lind, P.A., Minneapolis, for appellant.

James M. Mahoney, Mahoney, Dougherty & Mahoney, Minneapolis, for respondents Mahnomen Implement, et al.

Considered and decided by LANSING, Presiding Judge, WILLIS, Judge, and PORITSKY,* Judge.

## OPINION

LANSING, Judge

Sandra Bower died in a car accident after she consumed alcoholic beverages at Ronald Dahl's supper club. More than two years after the accident, the guardian for Bower's four minor children brought a civil-damages action against Dahl. Dahl moved for summary judgment, asserting that the action was barred by the civil damages act's two-year limitations period. The district court denied summary judgment, but certified as important and doubtful whether Minn.Stat. § 541.15(a)(1) (1994) applies to civil-damages actions. Settled common-law doctrine and principles of statutory interpretation compel us to conclude that the minority-tolling provisions do not apply to civil-damages actions; accordingly, we reverse.

## FACTS

The district court submitted the following facts for certification purposes. San-dra Bower consumed alcohol at the Flowing Well Supper Club and left sometime between the late hours of December 5, 1995, and the early morning hours of December 6. At 7:16 a.m. on December 6, Bower was involved in a fatal collision with a vehicle driven by Shawn Paul Kologi and owned by Mahnomen Implement, Inc.

On March 9, 1999, the district court appointed Lee Miller guardian ad litem for Bower's four minor children. Miller, as guardian ad litem, brought a civil-damages action under Minn.Stat. § 340A.801 (1994) against Ronald Dahl, who owns and operates the Flowing Well Supper Club. Miller served Dahl with a summons and complaint in this action on April 1, 1999. When Bower died and when Dahl was served with process, Bower's four children were minors.

## ISSUE

Do the minority-tolling provisions of Minn.Stat. § 541.15(a)(1) (1994) apply to actions brought under the Minnesota Civil Damages Act, Minn.Stat. §§ 340A.801–.802 (1994)?

## ANALYSIS

On appeal from summary judgment, we review the record to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Schulte v. Corner Club Bar*, 544 N.W.2d 486, 488 (Minn.1996). When, as in this case, the district court applies statutory language to undisputed facts, its conclusion is one of law, which this court reviews de novo. *Id.*

Chapter 541 of the Minnesota Statutes generally governs the limitation of actions in Minnesota. Actions must be commenced within the time periods provided in chapter 541 "except where a different limitation is prescribed by the uniform commercial code or, in special cases, by

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

other statute." Minn.Stat. § 541.01 (1994). Section 541.15(a)(1) (1994) provides for tolling of statutes of limitation on most minors' claims until the minors reach 19 years of age. But medical-malpractice claims may in no case be tolled more than seven years. Minn.Stat. § 541.15(b) (1994).

The civil damages act creates a right of action by a person injured by the intoxication of another against the person who caused the intoxication by illegally selling alcoholic beverages. Minn.Stat. § 340A.801, subd. 1 (1994). The act contains a special statute of limitations providing that "[n]o action may be maintained under section 340A.801 unless commenced within two years after the injury." Minn. Stat. § 340A.802, subd. 2 (1994). The sole issue raised in this appeal is whether the minority-tolling provisions of section 541.15(a)(1) apply to toll the limitations period of the civil damages act.

▆▆▆ The remedy the civil damages act provides is purely a statutory creation. *Beck v. Groe,* 245 Minn. 28, 33–34, 70 N.W.2d 886, 891 (1955). Generally, causes of action created by statute in derogation of the common law are strictly construed. *Id.* at 44, 70 N.W.2d at 897; *Bonhiver v. Fugelso, Porter, Simich & Whiteman, Inc.,* 355 N.W.2d 138, 141 (Minn.1984). Applying strict-construction principles, the supreme court has held that compliance with the notice provisions of the civil damages act is a condition precedent to bringing a civil-damages action. *Schulte,* 544 N.W.2d at 488.

Neither the supreme court nor this court has addressed the civil damages act's limitations period, but the supreme court has held that compliance with the wrongful death act's limitations period is a condition precedent to maintaining a wrongful-death action. *See Ortiz v. Gavenda,* 590 N.W.2d 119, 122 (Minn.1999); *Rugland v. Anderson,* 30 Minn. 386, 386, 15 N.W. 676, 676 (1883). The court also has held that the tolling provisions of the general limitations statute do not apply to toll the wrongful-death limitations period. *Cashman v. Hedberg,* 215 Minn. 463, 467, 10 N.W.2d 388, 391 (1943); *Rugland,* 30 Minn. at 386, 15 N.W. at 676. Like the civil damages act, the wrongful death act is a statutory creation in derogation of the common law and includes a special limitations statute. *See* Minn.Stat. § 573.02 (1994); *Cashman,* 215 Minn. at 466, 10 N.W.2d at 390.

In construing the wrongful-death limitations period, the court has relied on conditional-rights analysis, which provides that when the legislature creates a right of action that did not exist at common law, it may concurrently limit that right of action. *Ortiz,* 590 N.W.2d at 122 (wrongful-death statute of limitations " 'conditions the right' ") (quoting *Berghuis v. Korthuis,* 228 Minn. 534, 536, 37 N.W.2d 809, 810 (1949)); *Cashman,* 215 Minn. at 467, 10 N.W.2d at 391 (wrongful-death action created by statute that is "condition affecting the right rather than the remedy"). In *Cashman,* the court also based its holding on other factors indicative of legislative intent, including the location and time of enactment of the wrongful death act as compared with the general statute of limitations as well as the legislative history and previous judicial construction of the two sections. *Id.* at 470–72, 10 N.W.2d at 392–93.

▆▆▆ The supreme court's analysis of the wrongful-death limitations period in *Cashman* and cases following *Cashman* rely on principles that form the foundation for the civil-damages limitations period. Applying those principles, we conclude that, based on its purely statutory nature, the act's legislative history, and previous judicial construction of similar statutes, the civil damages act limitations period is not subject to the minority-tolling provisions of Minn.Stat. § 541.15(a)(1).

▆▆▆ We note initially that the limitations period in a statutorily created cause of action conditions the right, rather than the remedy. *Cashman,* 215 Minn. at 467, 10 N.W.2d at 391. That fact alone does

not, however, compel the conclusion that special statutes of limitation may not be subject to general tolling provisions. Conditional-rights analysis grew out of a choice-of-law context, in which the restrictive interpretation was necessary to prevent foreign jurisdictions from extending their own statutes of limitation to causes of action based on another state's law. *Lambert v. Calhoun*, 394 Mich. 179, 229 N.W.2d 332, 334–35 (1975). Addressing a case similar to this one, the Michigan Supreme Court reasoned that the "absolutist intent" that conditional-rights analysis imputes to foreign legislatures need not be applied when a court is applying its own state's statutes. *Id.* at 337. Rather, the ultimate issue is that of legislative intent. *Id.* The Michigan Supreme Court concluded that no evidence supported the claim that the legislature intended special statutes of limitation to be excluded from the general tolling provisions of its statutes. *Id.*

While we acknowledge that conditional-rights analysis alone does not mandate exclusion of the civil-damages limitations period from the minority-tolling provisions of section 541.15(a)(1), we conclude that other factors indicative of legislative intent require that result. First, the minority-tolling provisions existed long before the civil damages act. The legislature, therefore, could not possibly have intended that the tolling provisions in the limitations statute should affect the civil damages act, an act not yet in existence. *See Cashman*, 215 Minn. at 471, 10 N.W.2d at 393 (stating in parallel circumstances that legislature "could not possibly have had in mind that tolling provisions in the limitation statute should affect the [wrongful] death statute, not yet in being"). And when the legislature did pass the civil-damages limitations period in 1969,[1] it placed it in a separate chapter and made no reference to the minority-tolling provisions. *See id.* at 472, 10 N.W.2d at 393 (noting that wrongful death act was placed in separate chap-

ter from general tolling provisions). We conclude that the separate passage and placement of the two statutes evidences a legislative intent that the minority-tolling provisions not apply to the civil-damages limitations period.

The lack of legislative reaction to the supreme court's construction of the wrongful-death limitations period further supports our conclusion. The supreme court first held that the general tolling provisions do not apply to the wrongful-death limitations period in 1883. *Rugland*, 30 Minn. at 386, 15 N.W. at 676. Reaffirming that holding in 1943, the court reasoned that the legislature's failure to add a saving clause to the wrongful death act after the court's construction in *Rugland* "evinces a clear legislative intent that the specific limitation appearing in the death statute was not to be extended by the tolling provisions of the limitation[s] statute." *Cashman*, 215 Minn. at 472, 10 N.W.2d at 393. Because of the similarities between the wrongful death act and the civil damages act, the legislature's failure to amend the wrongful death act supports our conclusion that the tolling provisions do not apply to civil-damages actions either.

Bower's children argue that cases addressing the wrongful death act limitations period are distinguishable because a wrongful-death action may be brought only by a trustee, while the children may bring civil-damages actions in their own names. But this distinction does not undercut our holding. Because the right to bring a wrongful-death action resides only in an appointed trustee, the minority status of any heirs will not toll the statute of limitations. *See Beverage v. Harvey*, 602 F.2d 657, 658–59 (4th Cir.1979); *Kull v. Watzke*, 119 Mich.App. 451, 326 N.W.2d 540, 541 (1982) ("[s]ince minor children are not entitled to bring wrongful death actions, the period of limitations is not tolled by their infancy"). The argument demonstrates,

---

1. The Civil Damages Act itself dates back to 1911, *see* 1911 Minn. Laws ch. 175, § 1, but the special limitations period was not added until 1969. 1969 Minn. Laws ch. 952, § 1.

however, that the minority-tolling provisions do not apply to wrongful-death actions for reasons independent of conditional-rights and legislative-intent analysis. It does not render any less significant the supreme court's holdings that other general tolling provisions do not apply to wrongful-death actions.

■ For these reasons, we are compelled to conclude that the minority-tolling provisions of Minn.Stat. § 541.15(a)(1) do not apply to actions brought under the civil damages act. As the supreme court stated in *Cashman* more than 50 years ago, we are "doubtful of the wisdom and fairness of the present status of the law," but "it is not for us to encroach upon the legislative function by a construction of a statute which does violence to the plain intention of the lawmaking body." 215 Minn. at 473, 10 N.W.2d at 393–94.

### DECISION

Because the minority-tolling provisions of Minn.Stat. § 541.15(a)(1) (1994) do not apply to toll the limitations period of the Minnesota Civil Damages Act, Minn.Stat. § 340A.802, subd. 2 (1994), the district court erred by denying summary judgment to Dahl. Accordingly, we reverse and remand for entry of judgment.

**Reversed and remanded.**