Travis **BRUA, Plaintiff,**

**Jason Breckel, Defendant and Third–Party Plaintiff, Appellant,**

v.

**Larry OLSON, et al., etc., Third–Party Defendants, Respondents.**

**No. C3–00–1082.**

Court of Appeals of Minnesota.

Jan. 16, 2001.

Review Denied March 27, 2001.

Richard C. Mollin, Fosston, MN, for appellant.

Patrick D. Reilly, Erstad & Riemer, Minneapolis, MN, for respondents.

Considered and decided by RANDALL, Presiding Judge, KALITOWSKI, Judge, and FORSBERG, Judge.*

## OPINION

KALITOWSKI, Judge.

Appellant challenges the district court's application of the two-year statute of limitations provision in the Civil Damages Act to his contribution and indemnity claim.

## FACTS

On February 4, 1997, Travis Brua, James Nichols, and appellant Jason Breckel drove snowmobiles to respondent Ticket Bar a/k/a Hen House where, despite being under 21 years of age, they were served alcohol. Soon after leaving the bar, Brua fell off his snowmobile and was struck by appellant's snowmobile. On April 3, 1997, appellant served a "notice of injury" on respondent bar in compliance with Minn. Stat. § 340A.802 (2000).

Over two and one half years after the accident, on August 11, 1999, Brua commenced an action against appellant for the injuries he sustained. Appellant served a third-party complaint against respondents seeking contribution and indemnity on October 14, 1999. Applying the statute of limitations in the Civil Damages Act, the district court dismissed appellant's third-party action because it was brought more than two years after the date of injury.

## ISSUE

Did the district court err in determining that appellant's third-party contribution

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

and indemnity claim was procedurally barred by the two-year statute of limitations provision in the Civil Damages Act?

## ANALYSIS

On appeal from summary judgment, this court reviews the record to determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Schulte v. Corner Club Bar*, 544 N.W.2d 486, 488 (Minn.1996). When, as here, the district court applies statutory language to undisputed facts, this court reviews the district court's conclusions de novo. *Id.*

### Relevant Statutory Provisions

The Civil Damages Act (CDA) creates a cause of action for a person who is injured by the intoxication of another against the person who caused the intoxication by illegally selling alcoholic beverages. Minn.Stat. § 340A.801, subd. 1 (2000). The remedy provided by the CDA is purely a statutory creation. *Beck v. Groe*, 245 Minn. 28, 33–34, 70 N.W.2d 886, 891 (1955). A person injured by an intoxicated person has no common-law claim against a liquor vendor for illegally selling alcohol to the intoxicated person. *Id.* Causes of action created by statute in derogation of common law are generally strictly construed. *Id.* at 43–44, 70 N.W.2d at 897.

The CDA also provides that a person who is sued for causing the injury of another while intoxicated may bring an action against a liquor vendor for contribution and indemnification if the person serves written notice to the vendor within 120 days from the date of the injury. Minn.Stat. § 340A.802, subd. 2 (2000) (barring an action for contribution and indemnity if notice is not provided within 120 days of the injury); *Oslund v. Johnson*, 578 N.W.2d 353, 357 (Minn.1998) (holding that a tortfeasor seeking contribution and indemnification is required to follow the 120–day notice provision in the CDA and not the 60–day notice provision).

Finally, the CDA contains a statute of limitations provision stating that "[n]o action may be maintained under section 340A.801 unless commenced within two years after the injury." Minn.Stat. § 340A.802, subd. 2. The CDA defines injury as "the initial injury caused by the intoxicated person, and not to the ensuing claim for contribution or indemnity." *Oslund*, 578 N.W.2d at 357.

### Application of CDA

Alleging negligence, Brua commenced a lawsuit against appellant more than two years after the date of his injury. When appellant attempted to bring a third-party contribution and indemnity claim against respondents the district court concluded that the CDA bars *any* cause of action against a liquor vendor commenced two years after the date of injury and dismissed appellant's claim on procedural grounds notwithstanding appellant's argument that it was impossible for him to comply with the statute of limitations because of Brua's delay in commencing his lawsuit.

Respondents argue that the decisions in *Oslund* and *Whitener v. Dahl*, 612 N.W.2d 188 (Minn.App.2000), *review granted* (Minn. Aug. 22, 2000), compel the dismissal. We disagree. *Oslund* stands for the proposition that a tortfeasor seeking *contribution and indemnity is required to follow* the 120–day notice provision in the CDA. *Oslund*, 578 N.W.2d at 357. Here, appellant complied with the CDA's notice provisions. *Whitener* is not controlling because, unlike the situation with appellant, it was possible for the plaintiff in *Whitener* to comply with the two-year statute of limitations, but the plaintiff failed to do so. *See Whitener*, 612 N.W.2d at 189.

Appellant contends the district court's interpretation of the CDA renders an absurd result. We agree. When ascertaining the intent of the legislature, this court assumes that the legislature did not intend an absurd or unreasonable result. Minn.Stat. § 645.17(1) (2000). Here, if the

CDA's two-year statute of limitations applies to appellant's contribution and indemnity claim against respondents, appellant, through no fault of his own, is procedurally barred from pursuing this legislatively created remedy. The Minnesota Supreme Court has discussed, in dicta, a situation similar to these facts:

> We do not believe the legislature can pass a statute allowing a substantive remedy and yet, by adopting a procedural statute of limitations, make the remedy impossible to achieve and meaningless by barring the suit from being brought before it has matured.

*Calder v. City of Crystal,* 318 N.W.2d 838, 843 (Minn.1982); *see In re Estate of Bush,* 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974) (stating that supreme court dicta is entitled to "considerable weight" if it contains "an expression of the opinion of the court").

■ Applying the principle enunciated in the *Calder* dicta leads us to conclude that it would be unfair and unreasonable to construe the statute of limitations in the CDA in such a way as to make it impossible for appellant to pursue his contribution and indemnity claim simply because Brua chose to wait more than two years to sue appellant. *See, e.g., City of Willmar v. Short–Elliott–Hendrickson, Inc.,* 512 N.W.2d 872, 875 (Minn.1994) (stating that a "statute of limitations defense is frequently dependent on when the plaintiff decides to commence suit, a decision outside the control" of the party seeking contribution and indemnity). Thus, we examine the statute to determine whether it can be construed in such a way as to avoid an absurd result. *See In re Estate of Ablan,* 591 N.W.2d 725, 727 (Minn.App.1999) (stating that if the language of the statute reasonably permits an alternative construction the court should construe a statute to avoid an absurd result). We conclude that an alternative construction is appropriate here.

Section 340A.801, subdivision 1, establishes the right of an injured person to sue a liquor vendor for damages sustained as a result of the liquor vendor illegally selling alcohol to the person causing the injury. This section does not specifically refer to the intoxicated person's right to bring a suit for contribution and indemnity against a liquor vendor. Rather, contribution and indemnity are only discussed in section 340A.802. But the statute of limitations provision at issue here, which is in section 340A.802, subdivision 2, states "[n]o action may be maintained under *section 340A.801* unless commenced within two years after the injury." (Emphasis added.) Because the legislature could have but did not make the statute of limitations applicable to "any action brought under this act," we read the two-year limitation as only applying to direct actions against the liquor vendor brought under section 340A.801. And we note that this interpretation is consistent with a prior Minnesota Supreme Court decision dealing with statute of limitation bars to contribution and indemnity claims. *See City of Willmar,* 512 N.W.2d at 877 (holding that the U.C.C.'s four-year statute of limitations provision, which barred an action by the plaintiff, did not bar a third-party contribution and indemnity claim).

■ In conclusion, to avoid the absurd result of appellant being procedurally barred from bringing a contribution and indemnity claim because he was not sued until two years after the injury, we hold that the two-year statute of limitations in the CDA does not apply to appellant's contribution and indemnity action against respondents. This holding does not unfairly prejudice a liquor vendor because a tortfeasor seeking contribution and indemnity is subject to the applicable notice requirements of the CDA, and therefore the liquor vendor will be put on notice of the need to gather evidence and obtain witnesses.

## DECISION

Appellant's contribution and indemnity claim is not barred by the two-year statute

of limitations provision in the Civil Damages Act. Because appellant properly complied with the act's notice provision, the district court erred in granting summary judgment in favor of respondents.

**Reversed and remanded.**