Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00303-CV

**IN RE** Janet **CHENAULT** and Dennis Mauch

Original Mandamus Proceeding[1]

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed:   August 19, 2009

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Janet Chenault and Dennis Mauch seek mandamus relief from the trial court's order

denying their motion to dismiss a wrongful death lawsuit filed in Texas by Cheryl Chenault-

Shumake, Individually and as Next Friend of Kayla Chenault.[2]  Janet and Mauch contend that the

trial court's order permits Cheryl to proceed in representing Kayla in the Texas lawsuit in

contravention of three orders from a Michigan court thereby violating the full faith and credit clause

---

[1] This proceeding arises out of Cause No. 2008-CI-08981, styled *Cheryl Chenault-Shumake, Individually and as Next Friend of Kayla Chenault, a Minor v. Avionics Services, Inc., Southstar Aircraft Interiors, Inc., Cessna Aircraft Company, and Toy Air, Inc.*, pending in the 224th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

[2] Janet and Mauch only seek relief with regard to the trial court's denial of the dismissal of the claims asserted by Cheryl as Kayla's next friend.  In footnote 2 of their petition, Janet and Mauch state, "Relators stipulate that [Cheryl] may pursue her individual claims, if any, in the Bexar County proceeding."

of the United States Constitution. Janet and Mauch further contend they have no adequate remedy by appeal as the trial court's order allows the relitigation of issues already ruled upon by the Michigan court. Because we conclude the trial court abused its discretion by not giving full faith and credit to the Michigan court's October 4, 2007 order, we conditionally grant the writ.

## BACKGROUND

Richard Chenault died when the plane in which he was a passenger crashed into Lake Michigan near Milwaukee, Wisconsin on June 4, 2007. The plane was an air ambulance, and Richard was a member of an organ retrieval team from the University of Michigan. At the time of his death, Richard lived in Michigan with his wife, Janet. Richard's minor child, Kayla, also lived in Michigan with her mother, Cheryl.

On July 26, 2007, a Michigan court appointed Cheryl as conservator of Kayla. On August 8, 2007, a Michigan probate court appointed Janet as the personal representative of Richard's estate.

On September 5, 2007, Cheryl filed a petition in Kayla's conservatorship action for approval of a contract to hire a Texas law firm, Slack & Davis, L.L.P., to represent Kayla in any litigation relating to Richard's plane crash. On September 13, 2007, Cheryl filed a petition in the probate action for supervised administration and the removal of Janet as personal representative.

On September 20, 2007, Janet filed a motion requesting the Michigan probate court to approve a contingency fee agreement with Schaden, Katzman, Lampert & McClune (SKL&M), a Michigan law firm Janet had retained to investigate and pursue claims arising from Richard's wrongful death. The motion noted that both the owner and the operator of the plane that crashed were Michigan companies. The plane also apparently had substantial work performed on it in Texas by Texas companies.

On October 4, 2007, the Michigan probate court held a hearing on the motion to approve the contingency fee agreement and on the petition for supervised administration. At the hearing, Cheryl's attorney urged the Michigan court to appoint Slack & Davis, L.L.P. to pursue the wrongful death claims. In the alternative, Cheryl's attorney urged the Michigan court to "allow both firms to act as co-counsel, each being compensated based upon fees attributable to the family members who choose to align themselves." In view of the tension that appeared to exist between Janet and other family members, the Michigan probate judge ordered supervised administration but denied the request to remove Janet as personal representative. The Michigan probate judge also signed an order approving Janet's contingency fee agreement and appointing SKL&M "as counsel to pursue claims for wrongful death." This order was not appealed.

On June 6, 2008, Cheryl filed a petition in Bexar County, Texas, asserting wrongful death claims arising from Richard's death. Cheryl filed the petition individually and as next friend of Kayla. Twenty minutes later, Janet filed a complaint in Michigan asserting a wrongful death claim.

On July 28, 2008, Janet filed a petition to hold Cheryl in civil contempt for filing the wrongful death action in Texas. At a hearing held on September 29, 2008, the Michigan court removed Cheryl as Kayla's conservator, appointed a successor conservator, and held Cheryl in civil contempt of court.[3] On October 3, 2008, another hearing was held by the Michigan court to discuss the orders verbally pronounced on September 29, 2008, and the Michigan court signed a written order in the conservatorship action removing Cheryl as Kayla's conservator, appointing Dennis

---

[3] Although Cheryl contends in her brief that she was removed as conservator "as a sanction for bringing the Texas wrongful death suit," the trial court's reasons for removing her were not that limited. The trial court noted at the September 29, 2008 hearing, "There are questions arising out of the reporting of income of Social Security, work comp money not going into a restricted account, questions regarding the TIAA-CREP funds, and the 'My Father's Heart' account. And those are questions that the Court is going to address in the hearing on the approval of the account. But questions have been raised. And the Court is concerned because I don't believe that there has been full candor to this tribunal, and that's important to the Court; and I find that that's been lacking here."

Mauch as successor conservator, and ordering Cheryl to assign all of her interest as next friend of Kayla in the Texas litigation to Mauch. On October 3, 2008, Cheryl signed a written assignment, assigning all of her rights as Kayla's next friend in the Texas cause of action to Janet in her capacity as personal representative of Richard's estate. On December 22, 2008, the Michigan court signed a written order in the probate action holding Cheryl in contempt of court and ordering the assignment of the Texas cause of action to the personal representative of Richard's estate. Cheryl appealed both the October 3, 2008, and December 22, 2008 orders.

On January 12, 2009, Cheryl filed a motion as Kayla's next friend in the Texas lawsuit seeking the appointment of a guardian ad litem to represent Kayla's interests. On January 15, 2009, Janet filed a request for an emergency hearing on contempt in the Michigan court. On January 23, 2009, the Texas court appointed Lamont Jefferson as Kayla's guardian ad litem. On February 9, 2009, the Michigan court held a hearing on Janet's contempt request and ruled that the appeal of the October 3, 2008 and December 22, 2008 orders stayed any proceedings, including a contempt proceeding, regarding those orders.

On February 26, 2009, the Michigan court of appeals consolidated the appeals of the October 3, 2008, and December 22, 2008 orders. On March 26, 2009, the Michigan court signed an order in the conservatorship action requiring Cheryl to file a final accounting no later than April 9, 2009. The court further ordered that all child support or other payments made by Richard's estate for the benefit of Kayla shall be paid to conservator Dennis Mauch. On March 29, 2009, the Michigan court signed an order in the conservatorship action requiring Cheryl to appear on May 1, 2009, to show cause why she should not be held in contempt of court. In her response to the mandamus petition, Cheryl states that this show cause hearing related to a new petition filed by Mauch in the

conservatorship action alleging mismanagement of Kayla's estate funds by Cheryl and seeking a surcharge order, along with civil and criminal contempt charges. The hearing began on May 1, 2009, but was not completed. The hearing was scheduled to resume on July 13, 2009.

On April 15, 2009, Janet and Mauch intervened in the Texas lawsuit. On April 17, 2009, Janet and Mauch filed a motion to dismiss asserting: (1) Cheryl did not have the legal capacity to represent Kayla; and (2) the Michigan court's orders are entitled to full faith and credit. The trial court denied the motion to dismiss, and Janet and Mauch seek mandamus relief from that order.

### FULL FAITH AND CREDIT

Janet and Mauch contend that the trial court erred in denying the motion to dismiss and permitting Cheryl to proceed as Kayla's next friend in contravention of the Michigan court's orders. Janet and Mauch contend that dismissal is required in order to give full faith and credit to the Michigan court's October 4, 2007, October 3, 2008, and/or December 22, 2008 orders.

Cheryl responds that the Texas court was not required to give full faith and credit to the October 3, 2008 order or the December 22, 2008 order because those orders have been stayed by the pending appeal. Cheryl further responds that the argument relating to the October 4, 2007 order is a "new argument."

Although Cheryl contends the argument relating to the October 4, 2007 order is a "new argument," the motion to dismiss filed by Janet and Mauch refers to the October 4, 2007 order as approving the lawsuit filed by Janet. The motion notes that Janet, as personal representative, had exclusive authority to bring the wrongful death claim on Kayla's behalf. Moreover, the October 4, 2007, order was attached to the motion to dismiss as an exhibit. At the beginning of the hearing, the trial judge stated that she had reviewed the motion to dismiss and the multiple orders from the

Michigan court that were attached. Janet's attorney corrected the trial judge's misunderstanding that all of the orders had been appealed. Janet's attorney later stated, "If we had brought this motion in June of 2008, we would be relying solely on the other independent ground that we've asserted, which is that mom participated in the Michigan hearings, asked that Mr. slack [sic] be appointed as the lawyer to represent the claims of everybody in Michigan – lost, and that's the order that's under tab A, which is the order entered October 4th, 2007, close to a year before this Texas case was filed. That's an independent – . . . ." Janet's attorney further argued, "What is before this court is identical. Who's going to represent the child in connection with her wrongful death claims and causes of action? Who are going to be the lawyers? All of those matters were litigated between mom and wife in Michigan." Although we agree that more focus was given to the 2008 orders during the hearing, whether the October 4, 2007 order should be given full faith and credit was presented to the trial court as an independent ground for dismissal.

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). The trial court abuses its discretion when it fails to properly apply the law to the undisputed facts, when it acts arbitrarily or unreasonably, or when its ruling is based on factual assertions unsupported by the record. *In re Barnes*, 127 S.W.3d 843, 846 (Tex. App.—San Antonio 2003, orig. proceeding).

Article IV, Section 1 of the United States Constitution requires that each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. CONST. art. IV, § 1; *Bard v. Charles R. Myers Ins. Agency, Inc.*, 839 S.W.2d 791, 794 (Tex. 1992). Texas law requires a trial court to give full faith and credit to a foreign judgment of a sister state unless an

exception is established. *Enviropower, L.L.C. v. Bear, Stearns & Co., Inc.*, 265 S.W.3d 16, 19 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Therefore, we will review the record to determine whether the trial court misapplied the law to the established facts in concluding that Cheryl established an exception to full faith and credit enforcement of the Michigan orders. *See id.*; *see also Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 324 (Tex. App.—Dallas 2008, no pet.).

"The full faith and credit clause requires that a valid judgment from one state be enforced in other states regardless of the laws or public policy of the other states." *Bard*, 839 S.W.2d at 794. "Full faith and credit is not required, however, when a decree is interlocutory or subject to modification under the law of the rendering state." *Id*.

Cheryl relies on the language in *Bard* stating that full faith and credit is not required when a decree is subject to modification to contend that the trial court was not required to give full faith and credit to the 2008 Michigan orders because those orders are on appeal and subject to a stay. Even if this court were to agree with Cheryl's argument relating to the 2008 orders, the October 4, 2007 order was not appealed and is not subject to any stay. *See Comerica Bank v. City of Adrian*, 446 N.W.2d 553, 561 (Mich. Ct. App. 1989) (noting appeal only stayed order being appealed not three other orders signed by trial court).

In the October 4, 2007 order, the Michigan court appointed SKL&M as counsel "to pursue claims for wrongful death." Under Michigan law, Janet, as the personal representative, is the only person entitled to bring a wrongful death action. MICH. COMP. LAWS ANN. § 600.2922(2) (West 2009); *Kull v. Watzke*, 326 N.W.2d 540, 541 (Mich. Ct. App. 1982). When the Michigan court appointed SKL&M to pursue claims for wrongful death, it necessarily included any wrongful death claim that Kayla had as Richard's child because that claim was a wrongful death claim. Under

Michigan law, Kayla's claim clearly was required to be brought by Janet as the personal representative. *Kull*, 326 N.W.2d at 541; *Hebert v. Cole*, 321 N.W.2d 388, 458 (Mich. Ct. App. 1982). Although Texas law would generally permit Cheryl to file a wrongful death claim as Kayla's next friend, Kayla has only one wrongful death claim, and the Michigan court's order appoints SKL&M to pursue that claim. Morever, in appointing SKL&M, the Michigan court expressly rejected Cheryl's request that Slack & Davis, L.L.P. be permitted to pursue that claim. Accordingly, allowing Slack & Davis, L.L.P. to pursue Kayla's claim in Texas is contrary to the Michigan court's order which appointed SKL&M as the law firm entitled to pursue that claim. As a result, the trial court misapplied the law and abused its discretion in denying the motion to dismiss the wrongful death claim brought by Cheryl as Kayla's next friend.

### NO ADEQUATE REMEDY BY APPEAL

Janet and Mauch contend in one sentence that they do not have an adequate remedy by appeal because the trial court erred "by allowing the relitigation of issues already ruled upon by another court with unquestioned jurisdiction." Cheryl responds that an adequate remedy exists because: (1) Janet and Mauch are not being forced to relitigate anything but voluntarily chose to intervene in Texas; (2) Janet and Mauch could pursue the requested dismissal through a motion for summary judgment; or (3) Janet and Mauch have an adequate remedy by appeal in Michigan.

"Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review." *In re McAllen Medical Center, Inc.*, 275 S.W.3d 458, 464 (Tex. 2008). "As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories." *Id*. "The most frequent use [the Texas Supreme Court] has made of mandamus relief involves cases in which the

very act of proceeding to trial – regardless of the outcome – would defeat the substantive right involved." *Id*. Similar to "forcing parties to trial in a forum other than the one they contractually selected," forcing parties to try a wrongful death claim brought in Texas by a law firm which a Michigan court previously rejected in appointing another law firm to pursue that claim would defeat the substantive rights involved regardless of the outcome. *See id*.; *see also Keene Corp. v. Caldwell*, 840 S.W.2d 715, 720-21 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

## CONCLUSION

Because the trial court erred in denying the motion to dismiss as to the wrongful death claim brought by Cheryl on behalf of Kayla, we conditionally grant the writ of mandamus. The writ will only issue if the trial court fails to: (1) withdraw the order denying the motion to dismiss; and (2) sign an order granting the motion to dismiss as to the claims brought on behalf of Kayla.

Phylis J. Speedlin, Justice